■ LILLIAN I. MCMICHAEL, as Executrix of HUGH F. MCMICHAEL, Deceased, Appellant, v. REGAL RUG & CARPET CLEANING CO., INC., et al., Respondents.— In an action to recover damages for personal injuries, the appeal is from a judgment of Supreme Court, Kings County, dated February 20, 1968, in favor

of defendants upon the trial court's dismissal of the complaint at the close of plaintiff's case upon a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. While inspecting the basement of defendants' building during a fire, plaintiff's testator, a New York City fireman, fell into an unguarded pit and was injured. He died before the trial from a cause unrelated to the accident and his executrix was substituted as plaintiff. The complaint pleads two causes of action — one in common-law negligence, the other based on section 205-a of the General Municipal Law. Plaintiff has limited her appeal to the dismissal of the statutory cause of action. That cause alleges that three sections of the Administrative Code of the City of New York were violated. More particularly, it alleges that section C26-647.0 was violated in that defendants permitted "a deep pit" to remain open and unguarded. The term "deep pit" is not included in that section, but "wellhole" is. Plaintiff's bill of particulars alleges that the two other sections of the Administrative Code pleaded in the complaint, as well as other sections of the code, were violated. At the trial a claim was made that particular sections of the New York City Health Code not mentioned in the complaint or bill of particulars had also been violated. An objection was made by defendants to the introduction of any statutes claimed to have been violated that were not alleged in the bill of particulars, but no ruling was made on that objection. Expert testimony was offered by the plaintiff as to the meaning of the term "wellhole". Such testimony was excluded. It is our opinion that the expert should have been allowed to testify to aid the jury in determining whether the "pit" was or was not a "wellhole" within the ambit of section C26-647.0 of the Administrative Code. We do not intend to foreclose plaintiff from relying upon the other allegedly violated sections of the Administrative Code or the Health Code at the retrial, if she be so advised, if she produces proof of such violations and if the then state of the pleadings permits such claims. Christ, Acting P. J., Rabin, Benjamin, Martuscello and Kleinfeld, JJ., concur.