■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIKE GALARZA, Also Known as JOHN MARTINEZ, Also Known as EDISON GALARZA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered November 4, 1976, convicting him of bail jumping in the first degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with appellant's assigned counsel that there are no meritorious grounds which could be raised on this appeal. Gulotta, P. J., Hopkins, Latham and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM GARDELL, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 2, 1977, convicting him of manslaughter in the second degree, assault in the second degree (three counts) and assault in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress a statement made by him that he had had "a few beers." Judgment affirmed. This case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (subd 5). On January 24, 1976, at about 8:00 P.M., several members of the New York City Fire Department were engaged in extinguishing a fire in an automobile on a public street. A considerable amount of smoke was generated in the process. Defendant drove his automobile through the smoke-laden scene without stopping or reducing his speed. As a result, one fireman was killed and four others injured, three seriously, the fourth slightly. Defendant was indicted, *inter alia,* for both manslaughter in the second degree and criminally negligent homicide. The court charged the jury in the alternative and the conviction of manslaughter in the second degree resulted. The statement anent the "few beers" was made by defendant after a police officer made the observation that "You have been drinking." At that moment the police were conducting an investigation and defendant was not under custodial control so that *Miranda v Arizona* (384 US 436) did not apply. Therefore, we hold that that colloquy did not constitute interrogation and that the motion to suppress the statement was properly denied (see *People v Huffman,* 41 NY2d 29; *People v Rodney P.,* 21 NY2d 1, 10). We have considered the other issues raised by defendant and find them to be without merit. Cohalan, J. P., Titone, Hawkins and Suozzi, JJ., concur.