■ GIO, BUTON & C., S.p.A., Appellant, v MEDITERRANEAN IMPORTING CO., INC., et al., Respondents.—In an action pursuant to Debtor and Creditor Law article 10 to set aside a conveyance of assets by the defendant Mediterranean Importing Co., Inc. (hereinafter Mediterranean) to the defendant Heublein, Inc., the plaintiff appeals from an order of the Supreme Court, Nassau County (Wager, J.), dated July 19, 1984, which granted those branches of the defendants' motion which were to dismiss the plaintiff's complaint pursuant to CPLR 3211 (a) (4) and (5).

Ordered that the order is affirmed, with costs.

The order under review was correctly made. The parties' agreements, which were negotiated in Italy, mandated that Italian law would apply to any dispute arising thereunder, and designated the Court of Bologna, Italy, as the only competent court to adjudicate any controversy arising under the agreements. Accordingly, the determination before us constitutes a correct interpretation of the parties' intent.

This action is also barred by the prior, unappealed order of the Supreme Court, New York County, dated July 5, 1983, which dismissed the plaintiff's action brought in that county for lack of subject matter jurisdiction, on the condition that Mediterranean submit to the jurisdiction of the Court of Bologna, Italy. The plaintiff has commenced an action in that Italian court to recover money damages for goods sold and delivered, and Mediterranean has appeared and filed an answer. The merits of that action must first be determined before the plaintiff can establish its status as a creditor in order to maintain the instant action to set aside a fraudulent conveyance. Thus, the plaintiff's standing to bring the instant

action pursuant to Debtor and Creditor Law article 10, and the underlying merits of the allegations made in its complaint, are contingent upon the determinations yet to be made by the Italian court. Lazer, J. P., Thompson, Bracken and Rubin, JJ., concur.