■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY BRANDEN, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Winick, J.), rendered March 30, 1987, convicting him of operating a motor vehicle while under the influence of alcohol and aggravated unlicensed operation of a motor vehicle in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress an oral statement.

Ordered that the judgment is affirmed.

The defendant was stopped by a police officer who observed that his vehicle was weaving back and forth across the roadway. The defendant was asked to get out of his vehicle and to produce his license and registration. He staggered as he walked toward the officer, who commented that it smelled as if the defendant had been drinking. The defendant responded "I have to be honest with you; I had a few beers before". After failing several field sobriety tests, the defendant was formally placed under arrest.

There is no merit to the defendant's contention that he should have been given *Miranda* warnings *(see, Miranda v Arizona,* 384 US 436) at the outset of the stop and that, therefore, the hearing court erred when it denied the motion to suppress his statement. There is nothing in the record which suggests that, at the moment he responded to the officer's comment, the defendant's freedom of action was curtailed to a degree associated with a formal arrest *(see, Berkemer v McCarty,* 468 US 420). The record amply supports the hearing court's determinations that the defendant was not in custody and that therefore *Miranda* warnings were not required *(see, Berkemer v McCarty, supra; cf., People v Gardell,* 59 AD2d 929). Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.