■ JACK COTTER, Appellant, et al., Plaintiff, v WAYNE SPEAR, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiff Jack Cotter appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Gurahian, J.), dated August 21, 1986, as, upon a jury verdict, is in favor of the defendant and against him.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts and as a matter of discretion, and a new trial is granted to the appellant, with costs to abide the event.

On September 12, 1982, the defendant's three-story apartment building in Yonkers, New York, was destroyed by fire. The appellant, a firefighter who had been fighting the fire, alleged that he received injuries when a plastic hanging flowerpot which had been hanging from a third-floor skylight fell on him as he was exiting the building. The appellant instituted the instant action seeking to recover damages for the injuries he sustained.

The appellant's first cause of action sounded in common-law negligence. The appellant's second cause of action was based on General Municipal Law § 205-a which provides, inter alia, that in the event a firefighter is injured in the performance of his or her duty and as a direct or indirect result of any person's failure to comply with the requirements of a statute, ordinance, rule or regulation, that person shall be liable to the injured firefighter for a sum not less than $1,000. This statutory right of action is in addition to any other cause of action the injured firefighter may possess. In the case at bar, the appellant alleged that the defendant's act in hanging plastic flowerpots from the third-floor skylight was in violation of the Fire Prevention Code of the City of Yonkers which prohibits, inter alia, "[o]bstructions to or on * * * stairs, halls, passageways, doors or windows, liable to interfere with the operations of the Fire Department" (Fire Prevention Code of City of Yonkers § 43-5 [E]); or "[a]ny condition that [creates] a fire hazard" (Fire Prevention Code of City of Yonkers § 43-5 [F]); or any "[o]bstructions to means of egress" (Fire Prevention Code of City of Yonkers § 43-110). The code also provides that

"[n]o part of a stairway * * * nor of a hallway, corridor * * * or [any] exit of any kind, shall be used in [a]ny way that will * * * present a hazardous condition" (Fire Prevention Code of City of Yonkers § 43-326).

The evidence adduced at trial established that the first group of firefighters who arrived at the scene of the fire had fought the fire on the third floor of the building for approximately 15 to 17 minutes. Visibility in the building was poor. One of the firefighters testified that as he was walking down the third-floor hallway with his hands outstretched he bumped into a hanging object which felt like a flowerpot. The first group of firefighters then backed down the staircase and left the building.

The second group of firefighters, which included the appellant, entered the building and proceeded to the third floor with a hose. The appellant was operating the nozzle of the hose. When the firefighter in command of the appellant's group observed that the ceiling of the third floor was "a mass of fire which glowed", he ordered the appellant and the remaining firefighters to vacate the premises. As the appellant was walking down the stairs, he was struck on his helmeted head by an object and "black[ed] out" and collapsed. One of the firefighters who assisted the appellant in getting to his feet and out of the building, noticed that the appellant was covered with dirt and his helmet had been knocked off. When the firefighter went to retrieve the appellant's helmet, he saw a large plastic hanging flowerpot which had been broken in half lying on the ground near the helmet. The firefighter estimated that the diameter of the flowerpot in question was approximately 20 to 24 inches. Additionally, the appellant testified that as he exited the building, he looked over to the area where he had been struck and observed a mound of dirt and some broken fragments of what appeared to be a pot. The appellant was thereafter transported to the hospital for treatment of his injuries.

The defendant, who was called as a witness by the appellant, testified that he had hung several plastic flowerpots, with plastic straps and a C-hook, from cross wires affixed to wood beams in the third-floor skylight. The pots hung approximately 8 or 9 feet above the level of the third-floor landing. The defendant estimated that the diameter of the largest pot was 10 inches.

The appellant attempted to introduce the testimony of the Deputy Chief of the Yonkers Fire Department to demonstrate

the fire dangers, if any, presented by the hanging plastic flowerpots in question and to establish whether the flowerpots violated the relevant fire code regulations. The trial court excluded this testimony.

At the close of his case, the defendant moved to dismiss the complaint for failure to make out a prima facie case. The trial court denied the motion with respect to the appellant's negligence cause of action but granted the motion for dismissal of the cause of action based upon General Municipal Law § 205-a. The trial court ruled that the appellant's evidence failed to establish, as a matter of law, a violation of General Municipal Law § 205-a or of the relevant fire code sections. The jury ultimately rendered a verdict in favor of the defendant on the negligence cause of action.

The appellant argues, in the first instance, that the trial court erred in dismissing his cause of action based upon General Municipal Law § 205-a. We agree. The stated legislative intent behind General Municipal Law § 205-a was to create a cause of action where otherwise there would be no right to recovery at common law for the injury or death of a firefighter *(see, Kenavan v City of New York,* 70 NY2d 558; *McGee v Adams Paper & Twine Co.,* 26 AD2d 186, 195, *affd* 20 NY2d 921, *rearg denied* 21 NY2d 1040). Moreover, "General Municipal Law § 205-a, as a remedial statute, is to be construed liberally" *(Kenavan v City of New York, supra,* at 566; *Lyden v Rasa,* 39 AD2d 716). In order to establish a prima facie case under General Municipal Law § 205-a, the appellant, in addition to demonstrating a violation of the relevant statute, ordinance or regulation, must also establish a "practical or reasonable connection between a violation and the injury or death of a fireman. (See *Daggett* v. *Keshner,* 284 App. Div. 733 [BREITEL, J.].) As the basis for a recovery under the statute [however], it is not necessary that the plaintiff show 'the same degree of proximate causal connection which we are accustomed to require in the field of negligence.' *(Daggett* v. *Keshner, supra,* p. 736.)" *(McGee v Adams Paper & Twine Co., supra,* at 195.)

The evidence adduced at trial was sufficient to establish a prima facie showing of a violation of Fire Prevention Code of the City of Yonkers § 43-5 (E) *("[o]bstructions to or on * * * stairs,* halls, *passageways,* doors or windows, *liable to interfere with the operations of the Fire Department"* [emphasis supplied]), (F) ("[a]ny condition that constitutes a fire *hazard"* [emphasis supplied]), and § 43-326 ("[n]o part of a stairway * * * nor of a hallway, corridor * * * or exit of any kind,

shall be used in any way that will * * * present a *hazardous condition"* [emphasis supplied]). The flowerpots in question were made of a totally plastic material including plastic straps which obviously melt in very high temperatures. Moreover, the pots were hung from a third-floor skylight which was located directly over the staircase. One firefighter testified that as he walked down the third-floor hallway with his arms outstretched, he bumped into a hanging object which felt like a pot. Finally, there was ample testimony establishing that a large plastic flowerpot was found in the vicinity where the appellant was struck and collapsed. Viewing this evidence in a light most favorable to the appellant *(see, Gio, Buton & C. v Mediterranean Importing Co.,* 125 AD2d 638), we conclude that he adduced sufficient evidence to establish a prima facie possible violation of the Fire Prevention Code on the basis that the pots constituted a "hazardous condition" or an "obstruction to * * * stairs * * * [or] passageways * * * liable to interfere with the operations of the Fire Department" (Fire Prevention Code of City of Yonkers § 43-5 [B], [E]) and that a causal relationship existed between those violations and the appellant's injuries thereby warranting the submission of this cause of action to the jury.

Secondly, while conceding that the trial court acted properly in excluding the testimony of the Deputy Chief regarding his opinion on the issue of whether the hanging flowerpots constituted a violation of the relevant sections of the fire code, the appellant argues that the trial court erred in not permitting the Deputy Chief to state the dangers posed by hanging plastic pots under the circumstances present herein. We agree.

Generally, the admissibility of expert testimony on a particular subject is addressed to the discretion of the trial court. "The guiding principle is that expert opinion is proper when it would help to clarify an issue calling for professional or technical knowledge, possessed by [an] expert and beyond the ken of the typical juror" *(De Long v County of Erie,* 60 NY2d 296, 307; *Selkowitz v County of Nassau,* 45 NY2d 97). Here, the potential hazards which are posed by hanging plastic flowerpots and the possible hindrance which they may cause in the firefighters' performance of their duties are not necessarily within the knowledge of an ordinary jury. For example, the expert testimony of the Deputy Chief would assist the jury in comprehending, *inter alia,* the melting qualities of plastic in a fire, the relative force of the water stream from the fire hoses used to fight a blaze and the chances that hanging

objects such as those in question could be dislodged as a result of that force. Thus, the trial court erred in excluding this testimony *(see, e.g., McMichael v Regal Rug & Carpet Cleaning Co.,* 33 AD2d 773).

Finally, we conclude that the appellant is entitled, as a matter of discretion, to a new trial on his common-law negligence cause of action as well. The appellant was entitled to a jury charge on the issue of negligence which included reference to the relevant fire code sections as being some evidence of negligence *(see,* PJI 2:29). Although the appellant did not request such a charge at trial, given the Trial Judge's previous ruling which found that the code sections, as a matter of law, did not apply to these facts, it is clear that if such a request had been made by the appellant, it would have been denied. We also believe that the trial court's error in excluding the expert testimony offered by the appellant warrants a retrial on his negligence cause of action. Mollen, P. J., Kunzeman, Eiber and Spatt, JJ., concur.