■ VICTORIA JANTZEN, as Administratrix of the Estate of JOHN JANTZEN, Deceased, Respondent, v LESLIE EDELMAN OF NEW YORK, INC., Appellant. [614 NYS2d 744] —In an action to recover damages for wrongful death, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated January 13, 1993, as denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the complaint is dismissed.

It is well-settled that "where the moving party has demonstrated its entitlement to summary judgment, the party opposing the motion must demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for his failure so to do, and the submission of a hearsay affirmation by counsel alone does not satisfy this requirement" *(Zuckerman v City of New York,* 49 NY2d 557, 560). Here, the plaintiff offered no proof of the citizenship of Humberto Del Rio, the person to whom the defendant sold the shotgun that was used to kill the plaintiff's decedent, other than her attorney's hearsay affirmation. Therefore, the Supreme Court erred in failing to grant summary judgment to the defendant.

In any event, as a matter of law, there could be no finding of proximate cause under the circumstances of this case. The

sale of a shotgun merely furnished the condition for the unfortunate occurence (see, *Margolin v Friedman*, 43 NY2d 982, 983; *Silver v Sheraton-Smithtown Inn*, 121 AD2d 711, 711-712; see also, *Fly v Cannon*, 836 SW2d 570 [Tenn]; *Hulsman v Hemmeter Dev. Corp.*, 647 P2d 713 [Haw]; *Robinson v Howard Bros.*, 372 So 2d 1074 [Miss]). Therefore, summary judgment should have been granted to the defendant. Thompson, J. P., O'Brien, Ritter and Krausman, JJ., concur.