■ VICTORIA JANTZEN, as Administratrix of the Estate of JOHN JANTZEN, Deceased, Appellant, v LESLIE EDELMAN OF NEW YORK, INC., Respondent. [634 NYS2d 551] —In an action to recover damages for wrongful death, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated September 12, 1994, as granted the defendant's motion for summary judgment dismissing the amended complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The decedent John Jantzen, a Suffolk County Police Officer, was killed by Humberto Del Rio with a shotgun purchased the previous day from the defendant Leslie Edelman of New York,

a sporting goods retailer. Jantzen's widow commenced this action against the defendant, contending, *inter alia,* that the shotgun was sold to Del Rio in violation of provisions of the Federal Gun Control Act (hereinafter FGCA) (18 USC § 921 *et seq.*).

On a previous appeal, we determined that the defendant was entitled to summary judgment with respect to the plaintiff's common-law negligence cause of action since, as a matter of law, the intervening criminal act broke any causal connection between the alleged negligence and Jantzen's death *(see, Jantzen v Edelman,* 206 AD2d 406).

While the prior appeal was pending, the plaintiff, with the Supreme Court's permission, served an amended complaint which added a cause of action under General Municipal Law § 205-e. After the decision and order of this Court in *Jantzen v Edelman (supra),* the defendant moved for summary judgment dismissing the amended complaint. The court granted the motion, and the plaintiff now appeals.

Although the amended complaint was served prior to the issuance of the decision and order of this Court in *Jantzen v Edelman (supra),* that determination constitutes the law of the case *(see, Vanderwoude v Post/Rockland Assocs.,* 130 AD2d 739). The Supreme Court therefore properly dismissed the common-law cause of action in the amended complaint. We conclude that the plaintiff has failed to offer any persuasive reason for a departure from our previous determination. The plaintiff's new allegations regarding the alleged violations of the FGCA by the defendant are irrelevant in view of our determination that Del Rio's criminal act was a superseding cause of Jantzen's death.

We further conclude that the cause of action based on General Municipal Law § 205-e was properly dismissed. In this statutory cause of action, the plaintiff was not required to show the same degree of proximate cause as in a common-law negligence cause of action but was required to show only a "practical or reasonable connection" between the violation of the statute and the injury sustained *(see, e.g., Lusenskas v Axelrod,* 183 AD2d 244; *Johnson v Riggio Realty Corp.,* 153 AD2d 485; *Cotter v Spear,* 139 AD2d 555; *McGee v Adams Paper & Twine Co.,* 26 AD2d 186, *affd* 20 NY2d 921; *see also, Zanghi v Niagara Frontier Transp. Commn.,* 85 NY2d 423, 441). Nevertheless, the mere technical violation of a statute will not provide the requisite "practical or reasonable causal connection" *(Morales v City of New York,* 70 NY2d 981, 984).

The plaintiff has failed to present sufficient evidence to es-

tablish more than a technical violation of the FGCA by the defendant. Although the motion was made after the completion of discovery, the plaintiff failed to offer evidence that the defendant knew or had reasonable cause to believe that Del Rio had a criminal charge pending against him at the time of the sale, that he was a fugitive, or that he was an illegal alien *(see,* 18 USC § 922 [d] [1], [2], [5]). The evidence in the record established that the defendant obtained a signed Department of Treasury, Bureau of Alcohol, Tobacco, and Firearms form 4473 from Del Rio, as required by the FGCA, in which Del Rio denied that he was the subject of any criminal charges or that he was illegally in the United States. The plaintiff has failed to establish that the FGCA imposed any duty on the defendant to independently verify this information or that the defendant had any reason to know that the information was false.

The plaintiff further alleges that the sale violated the FGCA, which prohibits the sale of a firearm to a person when possession of the firearm by that person would violate a State law *(see,* 18 USC § 922 [b] [2]). Under Penal Law § 265.01 (5), it is illegal for a person who is not a citizen to possess a deadly or dangerous weapon, and the plaintiff presented evidence that Del Rio was not a citizen at the time of the sale. The alleged violation, therefore, consisted of the defendant's failure to inquire as to whether Del Rio was a citizen, when it had already satisfied its obligation under the FGCA by inquiring as to whether he was an illegal alien. We conclude that this constituted merely a technical violation of the statute. The FGCA was designed to keep firearms out of the possession of those persons who are not legally entitled to possess them because of age, criminal background, or incompetency. The focus was to ensure that weapons could not be obtained by persons whose possession would present a danger to the public *(see, Huddleston v United States,* 415 US 814). Aliens who are lawfully in the United States do not constitute a class of persons whose possession of firearms is prohibited by the FGCA. The defendant's failure to inquire as to citizenship, after having obtained Del Rio's statement that he was not an illegal alien, was not practically or reasonably related to Jantzen's death. Accordingly, the cause of action under General Municipal Law § 205-e was properly dismissed.

We have examined the plaintiff's remaining contentions and find them to be without merit. O'Brien, J. P., Santucci, Joy and Friedmann, JJ., concur.