■ Thomas Patsos et al., Respondents, v Suffolk Charles Associates et al., Appellants. [641 NYS2d 370] —In an action to recover damages for personal injuries, the defendants Commack Road Equities, Fairfield Properties, and EKB Properties Associates appeal, as limited by their brief, from so much of an

order of the Supreme Court, Suffolk County (Cohalan, J.), dated January 10, 1995, as denied the branch of their motion which was for summary judgment dismissing the plaintiffs' cause of action pursuant to General Municipal Law § 205-a insofar as it is asserted against them, and the defendant Suffolk Charles Associates separately appeals from so much of the same order as denied the branch of its motion which was for the same relief.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, and the branches of the appellants' motions which are for summary judgment dismissing the plaintiffs' cause of action pursuant to General Municipal Law § 205-a are granted.

On February 7, 1984, the defendant Commack Road Equities purchased a vacant building located at 66 Commack Road in Commack, New York, from the defendant Suffolk Charles Associates. The building had been previously damaged by a fire. In late January of 1984, Commack Road Equities informed the Commack Fire Department that the sprinkler system in the building had been turned off due to extensive damage from fire and frozen pipes. On February 10, 1984, there was another fire in the building. The plaintiffs Thomas Patsos and John Gardiner were injured when a portion of the building collapsed on them while they were fighting the fire. The plaintiffs commenced this action and the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motions to the extent of dismissing as barred by the so-called fireman's rule the causes of action that were based on common law negligence (*see, Cooper v City of New York,* 81 NY2d 584, 588).

With respect to the causes of action based on statutory negligence pursuant to General Municipal Law § 205-a, the plaintiffs have failed to present any evidence of a causal connection between the statutes and ordinances that were allegedly violated and their injuries (*see, Billups v Wickers,* 205 AD2d 723; *McGee v Adams Paper & Twine Co.,* 26 AD2d 186, *affd* 20 NY2d 921). Therefore, those causes of action should also have been dismissed.

The causes of action pursuant to General Municipal Law § 205-a also should have been dismissed insofar as they are asserted against the previous owner of the building, Charles Suffolk Associates, for the additional reason that liability pursuant to General Municipal Law § 205-a is limited to those with control over the premises at the time of the injury (*see, Zanghi*

*v Niagara Frontier Transp. Commn.,* 85 NY2d 423, 444-445). Balletta, J. P., Sullivan, Joy and Krausman, JJ., concur.