■ EDWARD F. DILLON, Appellant, v CITY OF NEW YORK et al., Respondents. [656 NYS2d 51] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by

his brief, from so much of an order of the Supreme Court, Kings County (Greenstein, J.), dated October 31, 1995, as granted the separate motions of the defendants H.B. Singer, Inc., Automatic Fire Sprinkler Installations, Inc., and the City of New York for summary judgment dismissing the plaintiff's cause of action pursuant to General Municipal Law § 205-a.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

In an action under General Municipal Law § 205-a, it is not necessary to demonstrate the same degree of proximate cause as is required in a common-law negligence action (*see, Jantzen v Edelman of N. Y.*, 221 AD2d 594, 595). Rather, liability is imposed " ' "in any case where there is any practical or reasonable connection between a [statutory or code] violation and the injury or death of a fire[fighter]" ' " (*Mullen v Zoebe, Inc.*, 86 NY2d 135, 140; *Zanghi v Niagara Frontier Transp. Commn.*, 85 NY2d 423, 441; *McGee v Adams Paper & Twine Co.*, 26 AD2d 186, 195, *affd* 20 NY2d 921).

Here, it is undisputed that the plaintiff firefighter was injured when the fire hose he was using to extinguish a fire burst, throwing him to the ground. Accordingly, even if, as the plaintiff claimed, the sprinkler system failed to operate, there is no reasonable or practical connection between the plaintiff's injuries and the violation alleged (*see, Patsos v Suffolk Charles Assoc.*, 226 AD2d 608; *Billups v Wickers*, 205 AD2d 723; *Murphy v Mount Sinai Hosp.*, 202 AD2d 238; *Schwarzrock v Thurcon Dev. Co.*, 193 AD2d 357). Bracken, J. P., Friedmann, Florio and McGinity, JJ., concur.