*648 OPINION OF THE COURT
Marsha L. Steinhardt, J.
This is a motion brought on by the plaintiff for an order granting summary judgment as to her. Defendant cross-moves seeking dismissal of plaintiffs complaint.
The occurrence which caused these parties to come to court took place on or about January 24, 1976 when plaintiffs decedent, a New York City Firefighter, while engaged in fighting a fire in an abandoned vehicle was struck and killed by an automobile. At trial plaintiff presented various theories of liability against defendant, City, including common-law negligence and statutory violations. In particular, plaintiff sought recovery pursuant to General Municipal Law § 205-a alleging a violation of Vehicle and Traffic Law § 1224, Administrative Code of the City of New York former § 755 (4)-3.0 (now codified as Administrative Code § 16-128 [a]) and Department of Sanitation General Order No. 5. A jury returned a verdict in plaintiffs favor finding, inter alia, that the City had violated the aforementioned provisions and that such violations had been a direct or indirect cause of Firefighter Kenavan’s death. The City appealed and plaintiffs General Municipal Law § 205-a cause of action was dismissed by the Court of Appeals determination that recovery pursuant to section 205-a is predicated only upon a violation of premises-related provisions. (70 NY2d 558.)
In October of 1996 General Municipal Law § 205-a (1) was amended so that the statute would apply to predicate violations “at any time or place”. “The legislature concludes that the duties of our state’s firefighters are performed in a variety of contexts and that the liability imposed should not be limited to violations pertaining to the safe maintenance and control of premises. Since our firefighters are required to confront dangerous conditions under many and varied circumstances, there is a need to ensure that a right of action exists regardless of where the violation causing injury or death occurs.” (L 1996, ch 703, § 3, reprinted in McKinney’s Cons Laws of NY, Book 23, General Municipal Law § 205-a, 1998 Pocket Part, at 40.)
The Legislature provided that the amendment would retroactively apply to every personal injury or wrongful death action pending on or after January 1, 1987, or which was dismissed on or after January 1, 1987. (General Municipal Law § 205-a [2].) Plaintiff recommenced her action against the City. It is her contention, herein, that the issue of liability vis *649 á-vis violation of the “abandoned vehicle” provisions has been determined; that said violations were found to be a “direct or indirect” cause of Firefighter Kenavan’s death; that the judgment was overturned solely because General Municipal Law § 205-a was applicable to premises-related violations only; and that the current state of the law removes, completely, that limitation. Thus, plaintiff further contends no triable issue exists with reference to liability.
Defendant, on the other hand, contends that the allegedly violated statutes cannot form a predicate to recovery under General Municipal Law § 205-a and that, therefore, plaintiff’s complaint must be dismissed as a matter of law. In particular the City argues that the above-referenced provisions merely authorize but do not mandate removal of abandoned vehicles. Defendant also claims that plaintiff is precluded from maintaining the instant action by virtue of collateral estoppel. It cites the Appellate Division holding (Kenavan v City of New York, 120 AD2d 24, 33 [2d Dept 1986]) regarding proximate cause (“[t]hose legal requirements [the abandoned vehicle provisions] are not fire preventative in nature and * * * were not practically or reasonably connected to the injuries suffered by the plaintiffs”) and maintains that such was a factual finding by which the parties are now bound. “Recovery under [General Municipal Law § 205-a] does not require proximate causation or even a direct connection between the safety violation alleged and the resulting injury (McGee v Adams Paper & Twine Co., 26 AD2d 186, 195, affd 20 NY2d 921). The legislation is ‘ “intended to impose liability in any case where there is any practical or reasonable connection between a violation and the injury or death of a fire [fighter].” ’ (Mullen v Zoebe, Inc., 86 NY2d 135, quoting McGee v Adams Paper & Twine Co., supra, at 195).” (O’Connell v Kavanagh, 231 AD2d 29, 30 [1st Dept 1997].) “General Municipal Law § 205-a is not grounded in the traditional standards of negligence and proximate cause but instead imposes a strict liability standard in any case where there is a reasonable connection between the violation of the statute and the injury” (Johnson v Riggio Realty Corp., 153 AD2d 485, 487 [1st Dept 1989], lv dismissed 74 NY2d 945).
Furthermore, this court finds that the opinion advanced in the sentence referred to by defendant was held to be “unduly restrictive” by the Court of Appeals and specifically overturned by it. “The scope of the statute therefore may include, but is not limited to, violations of fire preventive regulations [citations omitted].” (Kenavan v City of New York, 70 NY2d 558, 567, supra.) This latter holding is the law of the case.
*650 It is undisputed between the parties that plaintiffs decedent was performing his duties as a New York City Firefighter at the time of the accident. It is further conceded that he was engaged in extinguishing a fire in an automobile and that said automobile had been abandoned on the streets of Brooklyn prior to the fire. “[S]ection 205-a of the General Municipal Law provides for a cause of action for the injury to or death of a fire [fighter] caused ‘directly or indirectly as a result of any neglect, omission, wilful or culpable negligence of any person or persons in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments or of any and all their departments’. The statute is to be construed liberally, bearing in mind that it was the stated intention of the Legislature to create a cause of action in cases of the prescribed violations where otherwise there would be no right of recovery for the injury or death of a fire [fighter].” (McGee v Adams Paper & Twine Co., 26 AD2d 186, 194-195 [1st Dept 1966], supra.)
It is the position of the defendant, herein, that the violation of the provisions relied upon by plaintiff cannot cast it in liability pursuant to the terms of General Municipal Law § 205-a,as none of the proffered sections requires or mandates a course of action by the City. The Court of Appeals, in the case of Desmond v City of New York (88 NY2d 455, 464 [1996]), concluded “the 1989 enactment [to General Municipal Law § 205-e] was intended to provide police officers with an avenue of recourse ‘where injury is the result of negligent noncompliance with well-developed bodies of law and regulation' which ‘impose clear duties' (Mem of State Executive Dept, reprinted in 1989 McKinney’s Session Laws of NY, at 2140, 2141).” (Emphasis in original.)
The provisions currently before this court, in particular Vehicle and Traffic Law § 1224, have been interpreted by the Court of Appeals as imposing a duty upon the City (“the City has a common-law duty to maintain its streets in a reasonably safe condition [citing cases] and a statutory duty to remove abandoned cars [Vehicle and Traffic Law § 1224]” [Kenavan v City of New York, 70 NY2d 558, 568 (1987), supra]). Department of Sanitation General Order No. 5 states, very clearly in paragraph number 1, “It shall be the responsibility of the Department of Sanitation to report and remove all derelict vehicles abandoned on city streets, parkways and expressways.” (Emphasis supplied.) The remaining provisions of the Order *651 define derelict, i.e., abandoned vehicles, and set forth procedures for their removal. Webster’s New World Dictionary (encyclopedic ed 1959) defines “responsibility” as an “obligation” and Black’s Law Dictionary 1375 (6th ed 1990) defines “shall” as follows: “As used in statutes, contracts, or the like, this word is generally imperative or mandatory. In common or ordinary parlance, and in its ordinary signification, the term ‘shall’ is a word of command, and one which has always or which must be given a compulsory meaning; as denoting obligation. The word in ordinary usage means ‘must’ and is inconsistent with a concept of discretion. People v. Municipal Court for Los Angeles Judicial Dist., 149 C.A.3d 951, 197 Cal.Rptr. 204, 206. It has the invariable significance of excluding the idea of discretion, and has the significance of operating to impose a duty which may be enforced, particularly if public policy is in favor of this meaning, or when addressed to public officials, or where a public interest is involved, or where the public or persons have rights which ought to be exercised or enforced, unless a contrary intent appears. People v. O’Rourke, 124 Cal.App. 752, 13 P.2d 989, 992.”
The City, through its Department of Sanitation, is therefore required (mandated) to remove cars abandoned upon its highways and byways. No “question of judgment” is involved— cars abandoned must be removed.
At a trial between these parties a jury resolved these issues in plaintiffs favor. It found that the accident causing Joseph Kenavan’s injuries and death occurred directly or indirectly as a result of the negligence of the City in failing to comply with the requirements of Vehicle and Traffic Law § 1224, Administrative Code former § 755(4)-3.0 and Department of Sanitation Order No. 5. Specifically, the City failed to remove the abandoned vehicle (as mandated by the aforesaid provisions) that was set on fire, necessitating firefighting efforts, resulting in the accident which caused Firefighter Kenavan’s demise. This verdict was set aside for reasons that, due to the current state of the law, are no longer viable. Motion by plaintiff for an order of summary judgment is granted and the cross motion by defendant for a directed verdict dismissing plaintiffs complaint is denied. The jury verdict in plaintiffs favor on the issue of liability is reinstated and the plaintiff is directed to file a note of issue and upon the filing thereof, along with payment of the appropriate fees, this case shall appear on the Trial Assignment Calendar of this court, on July 17, 1998, for a trial on the issue of damages only.