■ REGINA A. KENAVAN, Individually and as Administrator of the Estate of JOSEPH F. KENAVAN, JR., Deceased, et al., Respondents, v CITY OF NEW YORK, Appellant. [700 NYS2d 69] —In an action pursuant to General Municipal Law § 205-a to recover damages for wrongful death, etc., the defendant, City of New York, appeals from an order of the Supreme Court, Kings County (Steinhardt, J.), dated June 30, 1998, which, *inter alia,* granted the motion of the plaintiff for summary judgment on the issue of liability and denied its cross motion to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, and the complaint is dismissed.

In January 1976 firefighter Joseph Kenavan and four other firefighters were fighting a fire in an abandoned car that was parked on the street when they were struck by an oncoming vehicle. Kenavan's injuries were fatal (*Kenavan v City of New York,* 120 AD2d 24, 26) (hereinafter *Kenavan I*). In June 1977 the driver of the vehicle that struck Kenavan and the other firefighters was convicted of manslaughter and assault (*see, People v Gardell,* 59 AD2d 929).

Kenavan's widow and the other injured firefighters commenced a civil action against the City of New York (hereinafter the City) and the driver of the offending vehicle, asserting common-law claims and a cause of action pursuant to General Municipal Law § 205-a, based on violations of Vehicle and Traffic Law § 1224, Administrative Code of the City of New York former § 755 (4)-3.0, now § 16-128 (a), and General Order No. 5 of the New York City Department of Sanitation. The matter was tried and the jury, *inter alia,* found that the City was liable under General Municipal Law § 205-a for violations of the predicate statutes and regulations and that those violations were a direct or indirect cause of the occurrence (*see, Kenavan v City of New York, supra*).

On the appeal from the judgment in favor of the plaintiffs, we reversed, explaining that the predicates for the cause of action based on General Municipal Law § 205-a were "not fire preventive in nature and the violations thereof were not practically or reasonably connected to the injuries suffered by the plaintiffs" and that the General Municipal Law § 205-a cause of action "should not have been submitted to the jury" (*Kenavan v City of New York, supra,* at 33). While the Court of Appeals affirmed (*see, Kenavan v City of New York,* 70 NY2d 558), it rejected as "too restrictive" our conclusion that the predicate for the General Municipal Law § 205-a cause of action had to be fire preventive in nature. The Court of Appeals held that the scope of General Municipal Law § 205-a was "limited to property owners and the maintenance of premises in a safe condition for firefighters" (*Kenavan v City of New York,* 70 NY2d, *supra,* at 566).

In October 1996, the Legislature amended General Municipal Law § 205-a to eliminate the requirement that a cause of action under the statute was "limited to violations pertaining to the safe maintenance and control of premises" (L 1996, ch 703, § 3), and to provide for the revival of claims which had

been pending on or after January 1, 1987, that had been dismissed because the right to recover under the statute had been limited to premises-related violations (*see,* L 1996, ch 703, § 4).

In April 1997 Regina Kenavan, as administrator of her husband's estate and individually (hereinafter the plaintiff), commenced this action against the City of New York, alleging a cause of action pursuant to General Municipal Law § 205-a based on violations of Vehicle and Traffic Law § 1224, Administrative Code former § 755(4)-3.0, now § 16-128 (a), and General Order No. 5 of the New York City Department of Sanitation. The Supreme Court granted the plaintiff's motion for summary judgment, reinstated the original jury verdict on the issue of liability and directed a trial on the issue of damages (*see, Kenavan v City of New York,* 177 Misc 2d 647). The City's cross motion for a directed verdict dismissing the complaint was denied (*see, Kenavan v City of New York,* 177 Misc 2d 647, *supra*).

The Supreme Court erred in granting the plaintiff's motion for summary judgment reinstating the jury verdict. In order to establish a prima facie case under General Municipal Law § 205-a, the plaintiff, in addition to demonstrating a violation of the relevant statute, ordinance, or regulation, must also establish a practical or reasonable connection between the violation and the injury or death of a firefighter (*see, Cotter v Spear,* 139 AD2d 555, 557; *see also, Mullen v Zoebe, Inc.,* 86 NY2d 135, 140; *Zanghi v Niagara Frontier Transp. Commn.,* 85 NY2d 423, 441; *McGee v Adams Paper & Twine Co.,* 26 AD2d 186, 195, *affd* 20 NY2d 921).

As we explained in *Kenavan I,* Vehicle and Traffic Law § 1224, Administrative Code former § 755 (4)-3.0, now § 16-128 (a), and General Order No. 5 of the New York City Department of Sanitation "were clearly enacted and promulgated in order to enable the city to take title to abandoned cars for the limited purpose of removing these cars from the streets where they are eyesores, and, after giving proper notice, to sell the abandoned cars, without incurring any liability to the true owners of those cars" (*Kenavan v City of New York,* 120 AD2d 24, 33, *supra,* citing 1969 NY Legis Ann, at 465-466). Here, the fatal injuries sustained by Kenavan did not result from the City's failure to remove the abandoned vehicle but rather from Kenavan being struck by a vehicle operated by a driver who was found criminally responsible for his conduct in causing the accident. Thus, assuming that any of the various provisions that served as the predicates for the plaintiff's General Municipal Law § 205-a cause of action did impose an affirmative statutory

duty on the City to remove abandoned vehicles from the streets (*see, Gonzalez v Iocovello,* 93 NY2d 539; *Desmond v City of New York,* 88 NY2d 455; *St. Jacques v City of New York,* 88 NY2d 920), it remains that under the circumstances, the requisite causal connection between the alleged violations of the statutes and regulations relied on and Kenavan's injuries is absent (*see, e.g., Morales v City of New York,* 70 NY2d 981; *Dillon v City of New York,* 238 AD2d 302; *Patsos v Suffolk Charles Assocs.,* 226 AD2d 608; *Jantzen v Edelman of N. Y.,* 221 AD2d 594; *Billups v Wickers,* 205 AD2d 723; *Daggett v Keshner,* 284 App Div 733, *on remand* 6 AD2d 503, *affd* 7 NY2d 981). While the harm might not have occurred had the City removed the abandoned vehicle from the street before it caught or was set on fire, it cannot be said that the City's failure to remove the subject vehicle bears a practical or reasonable causal connection to the injuries sustained. S. Miller, J. P., Thompson, H. Miller and Schmidt, JJ., concur.