◼ STEVEN GIUFFRIDA, Appellant, v CITIBANK CORP. et al., Respondents, et al., Defendants. [733 NYS2d 679] —In an action pursuant to General Municipal Law § 205-a to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Garry, J.), dated June 21, 2000, as granted the motion of the defendants Citibank Corp., 571 Fulton Realty Corp., Scott Heller, as trustee for John Does #1-25, Fotius Konidaris, Samuel Lorber, Yoping Chin, and Samuel Klein for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Steven Giuffrida, a New York City firefighter, allegedly sustained burn and smoke inhalation injuries while fighting a fire in premises held in trust by the defendant Citibank Corp., and subleased by the defendant Denny's Doughnut, Inc. While the plaintiff was battling a raging fire, the alarm on his air supply equipment sounded, signaling that he had only six minutes of air left. He notified his lieutenant of this circumstance and that he needed to immediately exit the building. However, the plaintiff was instead directed to leave the building with his fellow firefighters, who had all been ordered out. During this orderly retreat, the plaintiff operated the last hose, enabling his fellow firefighters to escape. As he finally turned to leave himself, the plaintiff's air supply ran out and he was overcome by smoke. He commenced this action pursuant to General Municipal Law § 205-a, alleging, *inter*

*alia,* that the fire was caused by accumulated grease in the ventilation system in the doughnut shop kitchen, and that the respondents and the other defendants violated relevant state and city regulations requiring them to maintain proper fire protection systems in the premises. The Supreme Court granted the respondents' motion for summary judgment. We affirm.

To establish a prima facie case under General Municipal Law § 205-a, a plaintiff, in addition to demonstrating a violation of the relevant statute, code, or rule, must also establish a "practical or reasonable connection between a [statutory or code] violation and the injury" (*McGee v Adams Paper & Twine Co.,* 26 AD2d 186, 195; *see, Mullen v Zoebe,* 86 NY2d 135, 140; *Zanghi v Niagara Frontier Transp. Commn.,* 85 NY2d 423, 441; *see also, Davison v Order Ecumenical,* 281 AD2d 383; *Kenavan v City of New York,* 267 AD2d 353, 355). Although the plaintiff is not required to show the same degree of proximate cause as is required in a common-law negligence action, he must show some connection between his injuries and the violation alleged (*see, Zanghi v Niagara Frontier Transp. Commn., supra*).

In this case, the respondents established their entitlement to judgment as a matter of law, as they demonstrated the absence of a reasonable or practical connection between the violations alleged and the injuries sustained by the plaintiff. Even assuming that the respondents failed to maintain a properly-functioning fire protection system and that such failure permitted the fire to ignite or spread, the uncontroverted evidence in the record established that the plaintiff's injuries resulted from the depletion of his air supply, which caused him to be overcome by smoke (*see, Kenavan v City of New York, supra; Dillon v City of New York,* 238 AD2d 302; *Patsos v Suffolk Charles Assocs.,* 226 AD2d 608). In opposition, the plaintiff failed to demonstrate the existence of a triable issue of fact. Krausman, J. P., S. Miller, Smith and Crane, JJ., concur.