■ DONNA LEWIS, Individually and as Administrator of the Estate of WILLIE D. LEWIS, Deceased, Appellant, v JAMESWAY CORPORATION, Respondent. [737 NYS2d 657] —In an action to recover damages for wrongful death, etc., the plaintiff appeals, as limited by her brief, (1) from so much of an order of the Supreme Court, Kings County (Mason, J.), dated October 20, 2000, as granted the defendant's motion for summary judgment dismissing the complaint, and (2) from stated portions of an order and judgment (one paper) of the same court, dated December 7, 2000, which, inter alia, dismissed the cause of action alleging a violation of the Federal Gun Control Act and its implementing regulations and denied that branch of her cross motion which was for partial summary judgment on the issue of liability.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the order and judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d

241; *Korn v Levick,* 231 AD2d 606). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the order and judgment (*see,* CPLR 5501 [a] [1]).

This appeal arises from the shooting death of Willie D. Lewis by Verdell Bussey in the courtyard in front of 75 Cumberland Walk, Brooklyn. Nearly six years earlier, an employee of the defendant Jamesway Corporation (hereinafter Jamesway), sold a Marlin .22 semiautomatic rifle, bearing serial number 15398027, to Dominic W. Candido, and Candido completed a firearms transaction form. However, Candido's driver's license identification number was incomplete on the form. The rifle eventually was possessed by an unidentified person, who subsequently sold it to Bussey in a modified, "sawed-off" condition. While playing with the rifle at his friend's apartment on the fourth floor of the premises located at 75 Cumberland Walk, Bussey fired the rifle out of the window into the street, striking and killing Lewis. Thereafter, the plaintiff commenced this wrongful death action against Jamesway alleging negligence and violations of the Federal Gun Control Act 18 USC § 922 (b) (5) and (m), and § 923 (g), and its implementing regulations 27 CFR 178.124 (a) and (c), and 178.127.

The Federal Gun Control Act (hereinafter the Act) was designed to keep firearms out of the possession of those persons not legally entitled to possess them because of age, criminal background, or incompetency (*see Huddleston v United States,* 415 US 814, 824; *Jantzen v Leslie Edelman of N.Y.,* 221 AD2d 594, 596). The Act neither created a private cause of action for victims injured by firearms obtained in violation of section 922, nor created a duty of care of a reasonable person (*see, Hamilton v Beretta U.S.A. Corp.,* 96 NY2d 222, 234-240; *Alderman v Bradley,* 957 SW2d 264, 267 [Ky]; *Hulsman v Hemmeter Dev. Corp.,* 65 Haw 58, 647 P2d 713, 720). Accordingly, the plaintiff's claims alleging violations of the Act and its implementing regulations were properly dismissed.

Moreover, the incomplete driver's license number of Candido constituted a mere technical violation of the Act and, thus, does not form a basis for imposing liability upon Jamesway (*see, Jantzen v Leslie Edelman of N.Y., supra* at 596). In addition, Jamesway cannot be held liable for selling the firearm to Candido, since the shooting by Bussey was an unforeseeable independent intervening cause, which superseded any negligence on the part of Jamesway in the sale of the rifle (*see, Jantzen v Leslie Edelman of N.Y.,* 206 AD2d 406; *Robinson v Howard Bros. of Jackson,* 372 So 2d 1074, 1076 [Miss]). Krausman, J.P., Friedmann, Adams and Crane, JJ., concur.