■ LEONARD INGRASSIA, JR., Respondent, v DEMOSTHENES LIVIDIKOS et al., Respondents, and ARBEN SELMANI, Defendant and Third-Party Plaintiff-Respondent. JENNIFER RODRIGUEZ, Third-Party Defendant-Appellant. (Action No. 1.) GEICO GENERAL INSURANCE COMPANY, Plaintiff, v VASILIS LIVIDIKOS et al.,

Defendants. (Action No. 2.) LEONARD INGRASSIA, Jr., Respondent, v JENNIFER RODRIGUEZ, Appellant. (Action No. 3.) [864 NYS2d 449]—

In three related actions, inter alia, to recover damages for wrongful death and conscious pain and suffering, which were joined for trial, Jennifer Rodriguez appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Richmond County (McMahon, J.), dated February 28, 2007, as denied her motion for summary judgment dismissing all claims and cross claims insofar as asserted against her, and (2) so much of an order of the same court dated April 17, 2007, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated February 28, 2007, is dismissed, as the portion of the order appealed from was superseded by the order dated April 17, 2007, made upon reargument; and it is further,

Ordered that the order dated April 17, 2007, is reversed insofar as appealed from, on the law, upon reargument, so much of the order dated February 28, 2007, as denied the appellant's motion for summary judgment dismissing all claims and cross claims insofar as asserted against her is vacated, and the appellant's motion for summary judgment is granted; and it is further,

Ordered that the appellant is awarded one bill of costs payable by the plaintiff Leonard Ingrassia, Jr., and the defendants Demosthenes Lividikos and Vasilis Lividikos appearing separately and filing separate briefs.

On April 4, 2004, the decedent, Leonardo Ingrassia, III, was a passenger in a black Pontiac Bonneville driven by the defendant Rudy N. Cantarini. The appellant, Jennifer Rodriguez, was driving her mother's white Acura, with two girlfriends as passengers, including the defendant Katherine Lividikos. The Cantarini vehicle pulled up next to the appellant's vehicle, which was stopped at a red light. The boys in the Cantarini vehicle

yelled at the girls in the appellant's vehicle and threw objects at her car.

Katherine Lividikos called her brother, the defendant Demosthenes Lividikos, and asked him to come and say something so the boys would stop bothering them. While Katherine Lividikos was on her cell phone with Demosthenes Lividikos, the appellant followed the Cantarini vehicle because "Kathy [Lividikos] said her brother was going to come and say something to them, to stop and whatever else."

Cantarini testified at his deposition that Demosthenes Lividikos's vehicle cut him off and forced him to stop. Demosthenes Lividikos and his passengers exited the vehicle. One of those passengers, Joe Milrud, swung a baseball bat at the side door of the Cantarini vehicle, shattering the rear window on the passenger side. The shattering glass struck the decedent's face. The Cantarini vehicle "took off" down Amboy Road at a high rate of speed. The Rodriguez and Lividikos vehicles proceeded to a diner to get ice for Demosthenes Lividikos's hand, which was red and bleeding. The diner was in the same direction as the Cantarini vehicle had traveled, but the appellant did not see the Cantarini vehicle as she drove toward the diner. The Cantarini vehicle was subsequently involved in an accident in which the decedent was killed.

As a result of this incident, Joe Milrud was convicted upon his plea of guilty of assault in the third degree, his copassenger Arben Selmani was convicted upon his plea of guilty of criminal possession of a weapon in the fourth degree, and Demosthenes Lividikos was convicted upon his plea of guilty of menacing in the third degree.

The decedent's father, the plaintiff Leonard Ingrassia, Jr. (hereinafter the plaintiff), commenced an action against the owner and driver of the Cantarini vehicle and the occupants and owners of the Lividikos vehicle. Selmani commenced a third-party action against the appellant, claiming that her negligence was a proximate cause of the ensuing events, which included his own criminal conduct. Over a year later, the plaintiff commenced a separate action against the appellant alleging, inter alia, that she "solicited the assistance" of Selmani and the other occupants of the Lividikos vehicle. The appellant moved for summary judgment dismissing all claims and cross claims insofar as asserted against her. The Supreme Court denied her motion, finding that the appellant should have foreseen the conduct of the occupants of the Lividikos vehicle. The Supreme Court further found that there was an issue of fact as to whether the appellant followed the Cantarini vehicle

after the altercation, causing Cantarini to speed. Upon reargument, the Supreme Court adhered to its original determination.

The allegations against the appellant sound in common-law negligence. The elements of common-law negligence are (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, and (3) a showing that the breach of that duty constituted a proximate cause of the injury (*see Akins v Glens Falls City School Dist.,* 53 NY2d 325 [1981]; *Pulka v Edelman,* 40 NY2d 781 [1976]; *Alvino v Lin,* 300 AD2d 421 [2002]). The scope of the duty owed by the defendant is defined by the risk of harm reasonably to be perceived (*see Sanchez v State of New York,* 99 NY2d 247, 252 [2002]).

"Where third-party criminal acts intervene between defendant's negligence and plaintiff's injuries, the causal connection may be severed, precluding liability" (*Bell v Board of Educ. of City of N.Y.,* 90 NY2d 944, 946 [1997]; *see Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315 [1980]; *Bingham v Louco Realty, LLC,* 36 AD3d 845, 845-846 [2007]). "An intervening act will be deemed a superseding cause and will serve to relieve defendant of liability when the act is of such an extraordinary nature or so attenuates defendant's negligence from the ultimate injury that responsibility for the injury may not be reasonably attributed to the defendant" (*Kush v City of Buffalo,* 59 NY2d 26, 33 [1983]; *see Santiago v New York City Hous. Auth.,* 63 NY2d 761, 763 [1984]). "While foreseeability is generally an issue for the fact finder, where only one conclusion can be drawn, proximate cause may be decided as a matter of law" (*Bell v Board of Educ. of City of N.Y.,* 90 NY2d 944, 946 [1997]).

On the question of foreseeability, the plaintiff relies on the appellant's testimony at her deposition that she expected the occupants of the Lividikos vehicle to "say something" to the boys, and to tell them "to stop and whatever else." However, the record contains no evidence that the appellant solicited criminal acts or overheard Katherine Lividikos soliciting criminal acts, or that the occupants of the Lividikos vehicle had a propensity for violence, or that it was foreseeable that they would arrive with baseball bats. Under the circumstances, the intervening criminal acts were extraordinary and unforeseeable as a matter of law and served to break the causal connection between the appellant's conduct and the subsequent events (*see Di Ponzio v Riordan,* 89 NY2d 578 [1997]; *Santiago v New York City Hous. Auth.,* 63 NY2d 761, 763 [1984]; *Margolin v Friedman,* 43 NY2d 982 [1978]; *Jackson v Noel,* 299 AD2d 456 [2002]; *Lewis v Jamesway Corp.,* 291 AD2d 533 [2002]; *Schrader v Board of Educ. of Taconic Hills Cent. School Dist.,* 249 AD2d 741 [1998]; *Jantzen v Edelman of N.Y.,* 206 AD2d 406 [1994]).

In opposition, the respondents failed to raise a triable issue of fact. Contrary to their assertions, there was no evidence that the appellant engaged in improper conduct after the assault by continuing to pursue the Cantarini vehicle.

Accordingly, the appellant was entitled to summary judgment. Prudenti, P.J., Miller, Carni and Chambers, JJ., concur. [*See* 14 Misc 3d 1236(A), 2007 NY Slip Op 50319(U).]