■ · IRWIN D. TASHBOOK et al., Respondents, v PHILIP KAPLAN et al., Appellants, and ALAN SEYMOUR, Respondent. [672 NYS2d 255] —In an action to recover damages for personal injuries, etc., the defendants Philip Kaplan, Arlyn Kaplan, Maple Court Realty Corp., and Maple Court Realty Company appeal from an order of the Supreme Court, Suffolk County (Newmark, J.), dated January 24, 1997, which (1) granted the motion of the defendant Alan Seymour, *inter alia*, to dismiss all cross claims insofar as asserted against him, and (2) denied their cross motion for (a) summary judgment dismissing the complaint insofar as asserted against them, (b) leave to amend their answer to interpose an additional cross claim against the defendant Alan Seymour, and (c) summary judgment on that cross claim.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the appellants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them and substituting therefor a provision granting that branch of the appellants' cross motion; as so modified, the order is affirmed, with costs to the appellants payable by the plaintiffs.

The appellants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the complaint (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). The appellants established that there was insufficient evidence to demonstrate that they had the requisite prior notice of the alleged ice patch on which the injured plaintiff slipped (*see, Simmons v Metropolitan Life Ins. Co.*, 84 NY2d 972; *Reynolds v Masonville Rod & Gun Club*, 247 AD2d 682; *Denton v Klein Middle School*, 234 AD2d 257; *Grillo v New York City Tr. Auth.*, 214 AD2d 648; *see also, Mercer v City of New York*, 88 NY2d 955). The plaintiffs' opposing assertions are premised upon speculative allegations which fail to raise triable issues of fact with respect to the question of notice (*see, Bertman v Board of Mgrs.*, 233 AD2d 283; *Grillo v New York City Tr. Auth., supra*).

The appellants' remaining contentions lack merit (*see, Di-Nardo v Patcam Serv. Sta.*, 228 AD2d 543; *747 Third Ave. Corp. v Killarney*, 225 AD2d 375). Mangano, P. J., Rosenblatt, Joy and Krausman, JJ., concur.