■ CHARLES SCIANGULA, Appellant, v CITY OF NEW YORK, Respondent. [673 NYS2d 454] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Cusick, J.), dated May 7, 1997, as granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

As the defendant correctly contends, assuming arguendo that a violation of Labor Law § 27-a (3) could constitute a valid predicate for a claim pursuant to General Municipal Law § 205-e, the plaintiff has failed as a matter of law to set forth sufficient factual allegations to make out such a violation (*see generally, Hartnett v New York City Tr. Auth.,* 86 NY2d 438), or to establish the requisite connection between his injury and any such purported violation of the statute (*see generally, Zanghi v Niagara Frontier Transp. Commn.,* 85 NY2d 423; *Dillon v City of New York,* 238 AD2d 302; *Jantzen v Edelman of N. Y.,* 221 AD2d 594). Rather, it is clear that the plaintiff's sole remaining theory of recovery, i.e., that following his recuperation from an injury he was returned to duty in an inappropriate work assignment where he was attacked by a prisoner and injured, does not fall within the ambit of Labor Law § 27-a (3). Accordingly, the defendant was entitled to summary judgment. O'Brien, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.