■ ARTHUR GOODWIN, Appellant, v KNOLLS AT STONY BROOK HOMEOWNERS ASSOCIATION, INC., et al., Respondents. [674 NYS2d 411] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Doyle, J.), dated May 27, 1997, which granted the motion of the defendant Fiorini Landscaping and the cross motion of the defendant Knolls at Stony Brook Homeowners Association, Inc., for summary judgment dismissing the complaint and all cross claims against them, and (2) a judgment of the same court entered August 13, 1997, which dismissed the complaint and all cross claims against the defendants.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff owns and resides in a condominium unit at the defendant Knolls at Stony Brook Homeowners Association, Inc. (hereinafter the Knolls). The Knolls entered into a written contract, *inter alia,* for snow removal with the defendant Fiorini Landscaping (hereinafter Fiorini). After a snowfall of approximately four inches, the plaintiff heard, but did not see, the plowing of his driveway. While subsequently walking across his lawn to get his mail, the plaintiff did not see snow or ice on his driveway. Approximately nine hours after the driveway was plowed, the plaintiff slipped and fell while dragging his trash can to the curb. The Supreme Court granted the defendants' respective motion and cross motion for summary judgment dismissing the complaint. We affirm.

In opposing the defendants' motion and cross motion for summary judgment, it was incumbent upon the plaintiff to come forward with evidence showing that the defendants had either

created the allegedly dangerous condition or that they possessed actual or constructive notice of the condition. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [Fiorini and/or the Knolls] to discover and remedy it" (*Gordon v American Museum of Natural History,* 67 NY2d 836, 837; *see also, Ruggiero v Waldbaums Supermarkets,* 242 AD2d 268). Since the plaintiff clearly testified during his examination before trial that he did not see the three foot by one-and-one-half foot patch of ice at the foot of his driveway when he emptied his mailbox earlier that day, nor did he see the ice before he fell while putting out the garbage, there is no evidence that the ice was visible and apparent. The plaintiff's claim that the ice was present during the nine-hour span from when the driveway was plowed until he fell is pure speculation which is not supported by the record (*see, Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972; *Bertman v Board of Mgrs.,* 233 AD2d 283). Accordingly, there is no evidence that the ice was present for a sufficient length of time to be discovered and remedied by the defendants' employees. Similarly, since the plaintiff admitted that he did not see the plowing of his driveway, his claim that negligent plowing created the ice upon which he slipped is nothing more than speculation and conjecture (*see, Rundquist v Colletti,* 237 AD2d 687). As the plaintiff failed to produce evidentiary proof in admissible form sufficient to require a trial of a material question of fact, the Supreme Court properly granted the defendants' respective motion and cross motion for summary judgment. Mangano, P. J., Bracken, Krausman and McGinity, JJ., concur.