The trial court appropriately exercised its discretion in denying defendant an adverse inference charge or other sanction for the Police Department's destruction of the money recovered from defendant after his arrest. The currency was transferred to the Federal Government for destruction pursuant to routine procedures more than two years after it had been vouchered, after a departmental review of cases erroneously indicated that this case had been terminated, when in fact defendant had recently been returned on a bench warrant. At the outset of the case, the People had invited defendant to make arrangements for inspection of this evidence, and defendant, who absconded and remained at large for over two years, never availed himself of that opportunity but raised the issue for the first time after the destruction of the evidence was revealed. Accordingly, defendant forfeited any right to demand production of the evidence (*People v Aponte*, 240 AD2d 317, *lv denied* 91 NY2d 868; *People v Brimberry*, 237 AD2d 229).

We perceive no abuse of sentencing discretion. Concur—Sullivan, J. P., Rosenberger, Lerner and Andrias, JJ.

■ RONALD D. BETTERLY et al., Appellants, v ESTATE OF SEYMOUR SILVER, Deceased, et al., Respondents. [698 NYS2d 17] —Order, Supreme Court, Bronx County (Lottie Wilkins, J.), entered July 9, 1998, which granted defendants' motion for summary

judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff, a New York City police officer, brought this action to recover pursuant to General Municipal Law § 205-e and on a common law negligence theory for injuries he sustained in premises owned by defendants when, in the course of his official duties, he fell within an apartment located on defendants' premises while attempting to apprehend a criminal suspect who was fleeing the premises through a window without bars. Under the circumstances at bar, however, neither the alleged violations of the New York City Health Code and Administrative Code of the City of New York concerning the obligation to advise tenants of the option to have the owner install window guards (24 RCNY 12-02, 12-03, 131.15; Administrative Code § 17-123), nor the owner's obligation to secure its premises from intruders (Administrative Code §§ 27-127, 27-128) are sufficient predicates for imposition of section 205-e liability. Plaintiff did not fall from an unguarded window and was not assaulted by an assailant who may have unlawfully gained access to the building due to the failure to secure its doors. Plaintiff's injuries were sustained while attempting to prevent the suspect from fleeing. Even under the liberal causation standards applicable under section 205-e (see, O'Connell v Kavanagh, 231 AD2d 29, 30), the causal connections between the absence of window guards and locked doors, on the one hand, and plaintiff's injuries, on the other, are too remote for the imposition of liability. Although a question of fact exists as to whether the suspect was an intruder or was lawfully on the premises (see, Carmen P. v PS&S Realty Corp., 259 AD2d 386, 388), the negligence cause of action, also predicated upon unlocked doors and an unguarded window, like the section 205-e claim, was properly dismissed on proximate cause grounds. Concur—Sullivan, J. P., Rosenberger, Lerner, Rubin and Andrias, JJ.