(February 7, 2000)

■ Frank Abbadessa et al., Appellants, v City of New York et al., Respondents. [702 NYS2d 869] —In an action to recover damages for personal injuries pursuant to General Municipal Law § 205-e, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Hutcherson, J.), dated May 4, 1994, which granted the defendants' motion for summary judgment and dismissed the complaint.

Ordered that the order and judgment is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

To establish a prima facie case under General Municipal Law § 205-e, a plaintiff, in addition to demonstrating a violation of a relevant statute, ordinance, or regulation, must also establish a practical or reasonable connection between the violation and the injury or death of the police officer (*see, Cotter v Spear,* 139 AD2d 555, 557; *see also, Mullen v Zoebe, Inc.,* 86 NY2d 135, 140; *Zanghi v Niagara Frontier Transp. Commn.,* 85 NY2d 423, 441; *Brunelle v City of New York,* 269 AD2d 347 [decided herewith]; *McGee v Adams Paper & Twine Co.,* 26 AD2d 186, 195, *affd* 20 NY2d 921; *Daggett v Keshner,* 284 App Div 733). Here, even if the Occupational Safety and Health Administration regulations allegedly violated are part of a

well-developed body of law containing particularized mandates or imposing a clear legal duty on the plaintiffs' employer (*see, Gonzalez v Iocovello,* 93 NY2d 539; *Desmond v City of New York,* 88 NY2d 455; *St. Jacques v City of New York,* 88 NY2d 920), the facts that have been pleaded are insufficient to make out a violation of the predicate regulations or to establish the requisite causal connection between the alleged violations and the injuries sustained (*see, Sciangula v City of New York,* 250 AD2d 833; *see also, Kenavan v City of New York,* 267 AD2d 353). Bracken, J. P., Santucci, Thompson and S. Miller, JJ., concur.