■ Donna M. Sconzo et al., Appellants, v EMO Trans, Inc., Respondent, et al., Defendants. [744 NYS2d 471] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (LaTorella, J.), dated August 10, 2000, as granted that branch of the motion of the defendant EMO Trans, Inc., which was for summary judgment dismissing the causes of action to recover damages under General Municipal Law § 205-e insofar as asserted against it. The appeal brings up for review so much of an order of the same court, dated December 22, 2000, as, upon reargument, adhered to the original determination (*see* CPLR 5517 [b]).

Ordered that the appeal from the order dated August 10, 2000, is dismissed, without costs or disbursements, as that order was superseded by the order dated December 22, 2000, made upon reargument; and it is further,

Ordered that upon searching the record, the order dated December 22, 2000, is modified by deleting the provision thereof denying that branch of the motion of the defendant EMO Trans, Inc., which was for summary judgment dismissing

the common-law negligence causes of action insofar as asserted against it, and substituting therefor provision granting the motion in its entirety, and dismissing the complaint and cross claims insofar as asserted against that defendant; as so modified, the order dated December 22, 2000, is affirmed insofar as reviewed, and the action against the remaining defendants is severed; and it is further,

Ordered that one bill of costs is awarded to the defendant EMO Trans, Inc.

Two on duty police officers climbed a ladder to check the roof of a building owned by the defendant EMO Trans, Inc. (hereinafter EMO), for criminal activity. EMO did not own the ladder. It was supplied by an unidentified employee of the defendant Getty Gas Station, located next door. As one of the police officers descended the ladder, it wobbled and the hinge broke. In an attempt to prevent the fall, the other police officer grabbed his partner. He was unable to hold her, and they both fell to the ground, landing on cement debris that littered EMO's yard.

The plaintiffs commenced this action pursuant to the General Municipal Law § 205-e alleging violations of the Administrative Code of the City of New York §§ 27-127, 27-128, and to recover damages for common-law negligence. EMO moved for summary judgment, and the causes of action pursuant to General Municipal Law § 205-e were dismissed for failure to allege facts sufficient to constitute a violation under the provisions of the Administrative Code.

To establish a prima facie case under General Municipal Law § 205-e, a plaintiff, in addition to demonstrating a violation of a relevant statute, ordinance, or regulation, must also establish a practical or reasonable connection between the violation and the injury of the police officer (see Abbadessa v City of New York, 269 AD2d 341). Here, the facts pleaded by the plaintiffs were insufficient to make out a violation of the predicate regulation, let alone establish a causal connection between the alleged violation and the injuries sustained (see Sciangula v City of New York, 250 AD2d 833).

Further, there is no connection between the allegedly defective condition of the ladder and the negligent condition of EMO's backyard since the plaintiff Anthony Maccarino testified that he had cleared the ground before positioning the ladder. Thus, the common-law negligence claims against EMO are also dismissed (see Betterly v Estate of Silver, 266 AD2d 30).

The plaintiffs' remaining contentions are without merit. Santucci, J.P., McGinity, Luciano and Adams, JJ., concur. [As amended by unpublished order entered Nov. 7, 2002.]