■ CLAIRE SIMMONDS et al., Appellants, v LONG ISLAND RAILROAD COMPANY, Respondent. [745 NYS2d 555] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Weiss, J.), dated April 20, 2001, which granted the defendant's motion for leave to make a late motion for summary judgment and, upon granting such leave, granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Claire Simmonds allegedly sustained injuries when she slipped and fell on an accumulation of ice that had developed on the platform of Long Island Railroad station in Brentwood. The accident occurred at approximately 1:25 A.M. on January 20, 1996, while she was walking on the train platform shortly after exiting a commuter train. At her examination before trial, the injured plaintiff testified that she fell on an area of the platform that she thought was only covered with water, but which was actually an ice patch. The plaintiffs commenced the instant action alleging, inter alia, that the defendant was negligent in failing to detect the dangerous condition and timely remedy it. Following joinder of issue, the defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion. We affirm.

Initially, contrary to the plaintiffs' contention, the Supreme Court providently exercised its discretion in entertaining the defendant's untimely motion since the delay beyond the 120-day statutory period (*see* CPLR 3212 [a]) was minimal, the plaintiffs were not prejudiced thereby, and the motion was clearly meritorious (*see Goodman v Gudi,* 264 AD2d 758).

Turning to the merits, it is well settled that where a plaintiff is injured in a fall on accumulated snow or ice, "a property owner may not be held liable unless he or she has notice of the defect, or, in the exercise of due care, should have had notice, and the owner has had a reasonably sufficient time from the end of the storm to remedy the condition caused by the elements" (*Arcuri v Vitolo,* 196 AD2d 519, 520). Here, the defendant sustained its initial burden on its motion for summary judgment by relying on the injured plaintiff's own observations and certain meteorological reports indicating that the precipitation ended and the temperature fell below freezing just before the time of the injured plaintiff's accident (*see McKeown v*

*Stanan Mgt. Corp.,* 274 AD2d 460; *DeMasi v Radbro Realty,* 261 AD2d 354). Since the plaintiffs failed to raise a triable issue of fact in opposition, the Supreme Court properly granted the motion.

In view of the foregoing, we need not reach the defendant's remaining contention. O'Brien, J.P., Krausman, Schmidt and Cozier, JJ., concur.