■ VIKI VOSS, Appellant, v D&C PARKING, Respondent, et al., Defendant. [749 NYS2d 76] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (R.E. Rivera, J.), dated May 29, 2001, which granted the motion of the defendant D&C Parking for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

In slip-and-fall cases involving snow and ice, a property owner or possessor is not liable unless he or she created the defect, or had actual or constructive notice of its existence (*see Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972; *Arcuri v Vitolo,* 196 AD2d 519, 520; *Newsome v Cservak,* 130 AD2d 637). In support of its motion for summary judgment, the defendant D&C Parking established, as a matter of law, that it did not create the ice condition in the parking lot where the plaintiff slipped, nor did it have actual or constructive notice of the condition. The plaintiff's fall occurred in the early morning. There were no visible ice patches in the parking lot, and the plaintiff did not see the ice patch on which she slipped because it was covered with mud. This evidence was sufficient to establish D&C Parking's prima facie entitlement to judgment as a matter of law (*see Gordon v American Museum of Natural His-*

*tory,* 67 NY2d 836; *Whitt v St. John's Episcopal Hosp.,* 258 AD2d 648; *Goodwin v Knolls at Stony Brook Homeowners Assn.,* 251 AD2d 451, 452; *Drake v Prudential Ins. Co.,* 153 AD2d 924, 925).

The plaintiff, in opposition to the motion, relied heavily on her own testimony that, as she exited the parking lot after her fall, an attendant warned her to take care because there were "patches of ice" in the lot, and that he had not sanded the lot because the sand delivery was delayed by a holiday. This evidence is insufficient to defeat the defendant's prima facie case. The defendant's general awareness that some dangerous condition may have existed in the parking lot is insufficient, as a matter of law, to charge it with constructive notice of the specific condition, ice concealed by mud, which caused the plaintiff's injuries (*see Piacquadio v Recine Realty Corp.,* 84 NY2d 967; *Gordon v American Museum of Natural History, supra; Baumgartner v Prudential Ins. Co. of Am.,* 251 AD2d 358, 359). The plaintiff's submissions failed to establish the existence of a triable issue of fact. Therefore, summary judgment was properly granted dismissing the complaint insofar as asserted against the defendant D&C Parking. O'Brien, J.P., Krausman, Townes and Cozier, JJ., concur.