■ KENNETH CODY, Respondent, v DENISE DiLORENZO, Appellant. [757 NYS2d 789] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Golia, J.), dated May 31, 2002, which denied her motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

A defendant will only be held liable for a slip-and-fall accident involving snow and ice on his or her property when the defendant created a dangerous condition or had actual or constructive notice thereof (see Simmons v Metropolitan Life Ins. Co., 84 NY2d 972 [1994]; Voss v D&C Parking, 299 AD2d 346 [2002]). Although a defendant has no duty to remove snow during an ongoing storm, a defendant may be held liable where that party's snow removal efforts create a hazardous condition or exacerbate a natural hazard created by the storm (see Grillo v Brooklyn Hosp., 280 AD2d 452 [2001]; Rugova v 2199 Holland Ave. Apt. Corp., 272 AD2d 261 [2000]).

Contrary to the defendant's contention, the Supreme Court properly denied her motion for summary judgment dismissing the complaint since there was an issue of fact as to whether her snow removal efforts created the icy condition (see Grillo v Brooklyn Hosp., supra; Baillet v Auerbach, 277 AD2d 335 [2000]). Santucci, J.P., Schmidt, Adams and Cozier, JJ., concur.