■ HYACINTH GORDON, Respondent, v TALLEYRAND CRESCENT DEVELOPMENT CORPORATION et al., Defendants, and ALL GREEN LANDSCAPING & CONSTRUCTION CORP., Appellant. [757 NYS2d 793] —In an action to recover damages for personal injuries, the defendant Talleyrand Management, LLC, appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered April 29, 2002, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff allegedly sustained injuries when she slipped and fell on ice on the exterior steps located in front of her apartment door in the Talleyrand Crescent apartment complex. She commenced this action against, among others, Talleyrand Management, LLC (hereinafter Talleyrand), the on-site management entity for the Talleyrand Crescent apartments. The Supreme Court denied Talleyrand's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. We reverse.

In opposition to Talleyrand's prima facie demonstration of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact, inter alia, as to whether Talleyrand had actual or constructive notice of the icy condition (*see Voss v D & C Parking,* 299 AD2d 346 [2002]; *Simmonds v Long Is. R.R. Co.,* 296 AD2d 487 [2002]). A finding that the subject ice patch existed for a sufficient length of time for Talleyrand to have discovered and remedied it would be based on speculation (*see Penny v Pembrook Mgt.,* 280 AD2d 590 [2001]; *Sellet v United Artists Theaters,* 251 AD2d 488 [1998]; *Bertman v Board*

*of Mgrs. of Omni Ct. Condominium I,* 233 AD2d 283 [1996]).
Ritter, J.P., S. Miller, Schmidt and Adams, JJ., concur.