■ LILLIE TAYLOR, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [779 NYS2d 233]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much an order of the Supreme Court, Kings County (Knipel, J.), dated June 24, 2003, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff allegedly slipped and fell on ice on the exterior stairway of an elevated subway station. The defendant established its entitlement to judgment as a matter of law, thereby shifting the burden to the defendant to submit admissible evidence establishing a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]; *Murphy v 136 N. Blvd. Assoc.,* 304 AD2d 540 [2003]; *Voss v D&C Parking,* 299 AD2d 346 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant created, or had notice of, the alleged condition (*see Gordon v Talleyrand Crescent Dev. Corp.,* 304 AD2d 711 [2003]; *Pala v D. Braf, Ltd.,* 284 AD2d 382 [2001]; *Davis v City of New York,* 255 AD2d 356 [1998]). Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Smith, J.P., Krausman, Adams and Skelos, JJ., concur.