■ ROSE MARIE ZABBIA et al., Respondents, v WESTWOOD, LLC, et al., Defendants and Third-Party Plaintiffs, W&S Associates, INC., et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents, and FUNCH ASSOCIATES, INC., Doing Business as MEADOWBROOK PARKING AREA CONTRACTORS, INC., Appellant. CONTROL BUILDING SERVICES, INC., Third-Party Defendant-Respondent-Appellant. [795 NYS2d 319]—

In an action, inter alia, to recover damages for personal injuries, etc., (1) the defendants third-party plaintiffs W&S Associates, Inc., and Simon Property Group, Inc., appeal from so much of an order of the Supreme Court, Nassau County (Cozzens, J.), entered May 10, 2004, as denied those branches of their motion which were for summary judgment dismissing the complaint insofar as asserted against them and for contractual and common-law indemnification against the defendant Funch Associates, Inc., doing business as Meadowbrook Parking Area Contractors, Inc., and the defendant third-party defendant, Control Building Services, Inc., (2) the defendant third-party defendant, Control Building Services, Inc., appeals from so much of the same order as denied those branches of its motion which were for summary judgment dismissing the complaint, the third-party complaint, and all cross claims insofar as asserted against it, and (3) the defendant Funch Associates, Inc., doing business as Meadowbrook Parking Area Contractors, Inc., appeals, as limited by its brief, from so much of the same order as denied those branches of its motion which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, by (1) deleting the provisions thereof denying those branches of the motion of the defendants third-party plaintiffs W&S Associates and Simon Property Group, Inc., and the separate motions of the defendant Funch Associates, Inc., doing business as Meadowbrook Parking Area Contractors, Inc., and the defendant third-party defendant, Control Building Services, Inc., which were for summary judgment dismissing the complaint insofar as asserted against them and substituting therefor provisions granting those branches of the motions, (2) deleting the provision thereof denying those branches of the motion of the defendant third-party defendant, Control Building Services, Inc., which were for summary judgment dismissing the third-party complaint and all cross claims insofar as asserted against it and substituting therefor a provision granting those branches of the motion, and (3) deleting the provision thereof denying those branches of the motion of the defendant Funch Associates, Inc., doing business as Meadowbrook Parking Area Contractors, Inc., which were for summary judgment dismissing all cross claims insofar as asserted against it, and substituting therefor a provision granting

those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendants third-party plaintiffs W&S Associates and Simon Property Group, Inc., the defendant Funch Associates, Inc., doing business as Meadowbrook Parking Area Contractors, Inc., and the defendant third-party defendant, Control Building Services, Inc., payable by the plaintiffs.

The plaintiff Rose Marie Zabbia allegedly was injured when she slipped and fell on "black" ice in the parking lot of a shopping mall owned by the defendant third-party plaintiff, W&S Associates, Inc. (hereafter W&S), managed by the defendant third-party plaintiff Simon Property Group, Inc. (hereafter Simon), and maintained by the defendant third-party defendant, Control Building Services, Inc. (hereafter Control). The defendant Funch Associates, Inc., doing business as Meadowbrook Parking Area Contractors, Inc. (hereafter Funch), was the snow removal subcontractor who had plowed the parking lot the day before the accident. Both the injured plaintiff and her husband testified at their examinations before trial that there was no icy condition in the area where the accident occurred when they first arrived at the mall, approximately four hours before the accident.

A defendant will only be held liable in a slip-and-fall accident involving snow and ice when it created a dangerous condition or had actual or constructive notice thereof (*see e.g. Voss v D&C Parking*, 299 AD2d 346 [2002]). The plaintiffs' sole theory of liability in this case was that the "black" ice allegedly was created by W&S, Simon, Control, and/or Funch (hereinafter collectively the defendants) as the result of piling snow adjacent to the parking lot and allegedly allowing it to melt and re-freeze. In opposition to the defendants' prima facie case, however, the plaintiffs tendered no proof, expert or otherwise, as to exactly how or when the icy condition may have formed during the four-hour period between their arrival at the mall and the accident. Thus, their claim that the defendants caused or created the ice patch through incomplete snow removal efforts (*see Grillo v Brooklyn Hosp.*, 280 AD2d 452 [2001]) was based on speculation, which was insufficient to defeat a motion for summary judgment (*see McCord v Olympia & York Maiden Lane Co.*, 8 AD3d 634 [2004]; *Ravina v Incorporated Town of Greenburgh*, 6 AD3d 688 [2004]; *Penny v Pembrook Mgt.*, 280 AD2d 590 [2001]; *Davis v City of New York*, 255 AD2d 356 [1998]; *Tashbook v Kaplan*, 250 AD2d 756 [1998]; *Bertman v Board of Mgrs.*, 233 AD2d 283 [1996]). Accordingly, the Supreme Court erred in denying those branches of the defendants' respective

motions which were for summary judgment dismissing the complaint insofar as asserted against them (*see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562-564 [1980]).

Since the complaint should have been dismissed insofar as asserted against the defendants, the claims for contractual and common-law indemnification insofar as asserted against Control and Funch should have been dismissed as well (*see Hajdari v 437 Madison Ave. Fee Assoc.*, 293 AD2d 360 [2002]). Santucci, J.P., Krausman, Luciano and Fisher, JJ., concur.