■ EDWARD FAHEY, Respondent, v NATHAN L. SEROTA et al., Appellants. [806 NYS2d 70]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Emerson, J.), dated November 1, 2004, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff, a police officer, sustained injuries during the course of his employment, after he allegedly slipped and fell on ice which accumulated in a parking lot owned by the defendants. Thereafter, the plaintiff commenced this action to recover damages for personal injuries and a violation of General Municipal Law § 205-e. The defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, determining that there was an issue of fact as to whether the defendants' alleged negligence constituted a statutory violation.

"To establish a prima facie case under General Municipal Law § 205-e, a plaintiff, in addition to demonstrating a violation of a relevant statute, ordinance, or regulation, must also establish a practical or reasonable connection between the violation and the injury or death of the police officer" (*Abbadessa v City of New York*, 269 AD2d 341 [2000]).

The defendants demonstrated their prima facie entitlement to summary judgment dismissing the cause of action predicated upon a violation of General Municipal Law § 205-e by demonstrating that there was no reasonable or causal connection, direct or indirect, between the defendants' alleged statutory violations and the plaintiff's injury (*see Sconzo v EMO Trans*, 295 AD2d 493 [2002]; *Abbadessa v City of New York, supra* at 342). The defendants' alleged statutory violations were inapplicable under the facts herein as the plaintiff's accident did not result from a pothole, but rather was the result of a slip and fall on ice. In response, the plaintiff failed to raise a triable issue of fact.

In slip-and-fall cases involving snow and ice, a property owner will not be held liable unless the owner created the defect, or had actual or constructive notice thereof (*see Voss v D&C Parking*, 299 AD2d 346 [2002]). Further, a property owner will not be held liable for accidents resulting from the accumulation of snow or ice on the premises until an adequate period of time has passed following the cessation of the storm to allow the

owner an opportunity to ameliorate the hazardous condition (*see Dowden v Long Is. R.R.*, 305 AD2d 631 [2003]; *Whitt v St. John's Episcopal Hosp.*, 258 AD2d 648 [1999]).

The defendants established their entitlement to summary judgment dismissing the cause of action sounding in negligence by demonstrating that they did not create the alleged hazardous condition, and that there was ongoing precipitation at the time of the plaintiff's accident (*see Trainor v Dayton Seaside Assoc. No. 3*, 282 AD2d 524 [2001]). In response, the plaintiff failed to raise a triable issue of fact.

Therefore, the Supreme Court should have granted the defendants' motion for summary judgment. Schmidt, J.P., Cozier, Santucci and Luciano, JJ., concur.