■ SONYA NIELSEN, Appellant, v METRO-NORTH COMMUTER RAILROAD COMPANY, Respondent. [817 NYS2d 110]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Brands, J.), dated March 3, 2005, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

A property owner will be held liable for a slip-and-fall involving snow and ice on its property only when it created the dangerous condition that caused the accident or had actual or constructive notice thereof (see *Fahey v Serota*, 23 AD3d 335 [2005]; *Zabbia v Westwood, LLC*, 18 AD3d 542 [2005]; *Cody v DiLorenzo*, 304 AD2d 705 [2003]; *Voss v D&C Parking*, 299 AD2d 346 [2002]; see also *Simmons v Metropolitan Life Ins. Co.*, 84 NY2d 972 [1994]).

In opposition to the defendant's prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to establish that the defendant either created the complained-of condition, or had actual or constructive notice thereof. The plaintiff's contention that the defendant failed to provide proper snow and ice control and removal was speculative and insufficient to raise a triable issue of fact (see *Carminati v Roman Catholic Diocese of Rockville Ctr.*, 6 AD3d 481 [2004]; *Carricato v Jefferson Val. Mall Ltd. Partnership*, 299 AD2d 444 [2002]; see generally *Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Schmidt, J.P., Krausman, Mastro and Lunn, JJ., concur.