CONCETTA OLIVIERI et al., Appellants, v GM REALTY COMPANY, LLC, Respondent. [830 NYS2d 284]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Brands, J.), dated November 21, 2005, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is denied.

Concetta Olivieri (hereinafter the plaintiff) was injured when, as she exited a building owned by the defendant, she slipped and fell on ice on a walkway leading from the building. A property owner will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice thereof (*see Nielsen v Metro-North Commuter R.R. Co.*, 30 AD3d 497 [2006]; *Fahey v Serota*, 23 AD3d 335, 336 [2005]; *Zabbia v Westwood, LLC*, 18 AD3d 542, 544 [2005]; *Cody v DiLorenzo*, 304 AD2d 705 [2003]; *Voss v D&C Parking*, 299 AD2d 346 [2002]; *see also Simmons v Metropolitan Life Ins. Co.*, 84 NY2d 972, 973 [1994]). In order to prevail on its motion for summary judgment dismissing the complaint, the defendant therefore was required to demonstrate that it did not create the icy condition and had neither actual nor constructive notice of it (*see Nielsen v Metro-North Commuter R.R. Co., supra*; *Fahey v Serota, supra* at 336-337; *Voss v D & C Parking, supra* at 346-347). The defendant failed to satisfy this burden.

In support of its motion, the defendant demonstrated, prima facie, that it lacked actual notice of the icy condition. The defendant submitted the affidavit of one of its principals who stated that the defendant had not been notified of the condition. The defendant also submitted the deposition testimony of the plaintiff, in which she admitted that although she had observed the icy condition upon entering the building, at approximately

8:30 A.M., she had told no one about it. In opposition, the plaintiff failed to raise a triable issue of fact with respect to the issue of actual notice. As to constructive notice, however, although the plaintiff's evidence of a recurring condition was insufficient (see Coyne v Talleyrand Partners, L.P., 22 AD3d 627, 629 [2005]), the plaintiff raised a triable issue of fact as to whether the icy condition was present for a sufficient length of time before the accident to permit the defendant to discover and eliminate it, thus precluding summary judgment in favor of the defendant (see Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]; Dancy v New York City Hous. Auth., 23 AD3d 512, 513 [2005]; Scholz v Kolan Holdings, 305 AD2d 489, 490 [2003]; Bergen v Carlin, 297 AD2d 692, 693 [2002]).

In addition, a property owner may be liable for injuries that result from a slip-and-fall accident on ice where the property owner's snow removal efforts caused or exacerbated the icy condition (see Knee v Trump Vil. Constr. Corp., 15 AD3d 545, 546 [2005]; Karalic v City of New York, 307 AD2d 254, 255 [2003]; Mahoney v Affrunti, 297 AD2d 717 [2002]). Here, the defendant established, prima facie, its entitlement to judgment as a matter of law by demonstrating, through the deposition testimony of its principal, that it could not have created the dangerous condition because it did not perform snow removal at the premises and that all such work was performed by an independent contractor. In opposition, the plaintiff raised a triable issue of fact by submitting her own deposition testimony, photographs taken on the day after the accident, and meteorological data which demonstrated that the ice on which she fell may have formed as a result of the melting of snow that had negligently been piled on either side of the walkway by the snow removal contractor (see Vilorio v Suffolk Y Jewish Community Ctr., Inc., 33 AD3d 696 [2006]; Knee v Trump Vil. Constr. Corp., supra). Although, as a general rule, a property owner is not responsible for conditions created by an independent contractor (see Kleeman v Rheingold, 81 NY2d 270, 273 [1993]; Rosenberg v Equitable Life Assur. Socy. of U.S., 79 NY2d 663, 668 [1992]), the defendant may be held vicariously liable for the negligence of its independent contractor if such negligence violated the defendant's nondelegable duty as the property owner to provide safe ingress and egress (see Rosenberg v Equitable Life Assur. Socy. of U.S., supra at 668; Backiel v Citibank, 299 AD2d 504, 505 [2002]; June v Zikakis Chevrolet, 199 AD2d 907 [1993]; Thomassen v J & K Diner, 152 AD2d 421 [1989]). Miller, J.P., Spolzino, Fisher and Dillon, JJ., concur.