(April 3, 2007)

■ JANET ABBATTISTA, Respondent, v KING's GRANT MASTER ASSOCIATION, INC., et al., Respondent-Appellant, and ROBERT's PROFESSIONAL LANDSCAPING SERVICE, INC., Appellant-Respondent. [833 NYS2d 592]—

In an action to recover damages for personal injuries, the defendant Robert's Professional Landscaping Service, Inc. appeals, as limited by its brief, from so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated January 26, 2006, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendant King's Grant Master Association, Inc. separately appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the appeal by the defendant Robert's Professional Landscaping Service, Inc., from so much of the order as denied that branch of its motion which was for summary judgment dismissing the cross claims asserted against it is dismissed as academic, without costs or disbursements, in light of the determination of the appeal from so much of the order as denied that branch of the motion of the defendant King's Grant Master Association, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, that branch of the motion of the defendant Robert's Professional Landscaping Service, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is granted, and that branch of the motion of the defendant King's

Grant Master Association, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is granted; and it is further,

Ordered that one bill of costs is awarded to the appellants appearing separately and filing separate briefs.

The plaintiff was injured on March 4, 2003 when she slipped and fell on ice in the street in front of her townhouse at the King's Grant Condominiums, while she was taking her dog on its morning walk. The plaintiff claimed that the defendant King's Grant Master Association, Inc. (hereinafter the Association), which owned and managed the common elements of the condominium development, and its snow removal contractor, the defendant Robert's Professional Landscaping Service, Inc. (hereinafter RPLS), negligently caused her injuries. The plaintiff claimed that RPLS had created the icy condition of the surface upon which she fell by negligently piling snow upon the development's storm drain, located down gradient of the area where she fell, thus clogging the drain and causing melting snow runoff to accumulate further up gradient, then refreeze. She claimed that the Association had been aware of that recurring icy condition, but had failed to remedy it. Both the Association and RPLS moved for summary judgment dismissing the complaint, with RPLS arguing, inter alia, that it was an independent contractor who owed no duty of care to the plaintiff, and the Association arguing that it had no notice of the existence of ice upon which the plaintiff fell and did not have a reasonable opportunity to remedy the condition. Both of the defendants also sought summary judgment dismissing the cross claims each asserted against the other for indemnity and contribution. The Supreme Court, inter alia, denied both of the defendants' motions, finding that there were triable issues of fact. We reverse insofar as reviewed.

In general, a snow-removal contractor's contractual obligation for snow removal, standing alone, will not give rise to tort liability to an injured plaintiff unless: (1) in failing to exercise reasonable care in the performance of its duties, it launched a force or instrument of harm, (2) the plaintiff detrimentally relied on the continued performance of the snow removal contractor's duties, or (3) the snow removal contractor has entirely displaced the property owner's duty to maintain the premises safely (see *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]; *Mahaney v Neuroscience Ctr.*, 28 AD3d 432, 433-434 [2006]). There is no dispute on appeal that the snow-removal contract did not displace the Association's maintenance obligations, and that the plaintiff did not detrimentally rely on

RPLS's continued performance of snow removal services. The only issue is whether RPLS launched a force or instrument of harm by creating the icy condition on the surface upon which the plaintiff fell.

RPLS made a prima facie showing, among other things, that it did not create the condition which injured the plaintiff (*see Espinal v Melville Snow Contrs., supra* at 140; *Mahaney v Neuroscience Ctr., supra* at 433-434). RPLS offered testimony that the ice upon which the plaintiff fell was caused either by poor drainage on the street that was unrelated to its snow removal efforts, or by the failure of residents, including the plaintiff and her husband, to move their cars during snow removal activities. In response, the plaintiff offered only speculation that, in the days before her accident, the storm drain was indeed covered with snow removed by RPLS. Such speculative testimony was insufficient to raise a triable issue of fact. Therefore, the Supreme Court should have granted RPLS's motion for summary judgment dismissing the complaint insofar as asserted against it (*see Reagan v Hartsdale Tenants Corp.*, 27 AD3d 716, 718 [2006]; *Yannotti v Four Bros. Homes at Heartland Condominium I*, 24 AD3d 659, 660 [2005]).

The Supreme Court also erred in denying the Association's motion for summary judgment dismissing the complaint insofar as asserted against it. The Association made a prima facie showing that it did not create the icy condition on the surface upon which the plaintiff fell and did not have actual or constructive notice of the condition (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]; *Goodwin v Knolls at Stony Brook Homeowners Assn.*, 251 AD2d 451, 452 [1998]). The Association offered evidence that the plaintiff and her husband had walked through the same area the previous afternoon, and that neither recalled any problems with ice. In response, the plaintiff offered only speculative testimony that on her dog walk the previous evening at approximately 6:30 P.M., she "believed" a portion of the surface of the road was iced over. She offered no climatological data or other evidence as to when the temperature dipped below freezing that evening, and did not specify that the portion of the road which she believed had iced over was the same portion on which she fell the next morning. Therefore, there was no evidence that the Association had a reasonable time to remedy the particular icy condition of which the plaintiff complained. The plaintiff's speculation was insufficient to raise a triable issue of fact (*see Zabbia v Westwood, LLC*, 18 AD3d 542, 544 [2005]; *Goodwin v Knolls at Stony Brook Homeowners Assn., supra* at 452). Moreover, the

documents that the plaintiff submitted were insufficient to raise a triable issue as to constructive notice of a recurring dangerous condition, as they did not relate to the specific location at issue (*see Reagan v Hartsdale Tenants Corp., supra* at 718; *Dowden v Long Is. R.R.*, 305 AD2d 631, 632 [2003]). Therefore, the Association was entitled to summary judgment dismissing the complaint insofar as asserted against it.

In light of our determination, RPLS's appeal from so much of the Supreme Court's order as denied that branch of its motion which was for summary judgment dismissing the Association's cross claims for indemnity and contribution has been rendered academic. Santucci, J.P., Krausman, Lifson and Dillon, JJ., concur.