■ ERNEST P. RICCA, Appellant, v NASIR AHMAD et al., Respondents. [835 NYS2d 663]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jones, J.), entered November 30, 2005, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly slipped and fell on ice in the parking lot of a 7-Eleven store. The defendant Nasir Ahmad owned the store as a franchisee of the defendant 7-Eleven, Inc., and was responsible for maintenance of the parking lot.

A landowner will be liable for a slip and fall on ice if it had actual or constructive notice of the icy condition or it created the condition (*see Olivieri v GM Realty Co., LLC*, 37 AD3d 569

[2007]; *Nielsen v Metro-North Commuter R.R. Co.*, 30 AD3d 497 [2006]). Although the defendants made a prima facie showing of entitlement to judgment as a matter of law, the plaintiff raised a triable issue of fact as to whether the ice on which he allegedly slipped and fell was formed when the pile of snow purportedly created by the defendants melted and refroze (*see Boeje v Anastasio*, 19 AD3d 442 [2005]; *Grizzaffi v Paparodero Holding Corp.*, 261 AD2d 437, 438 [1999]; *Roca v Gerardi*, 243 AD2d 616, 617 [1997]). Contrary to the defendants' contention, the photographs submitted by the plaintiff could properly be considered in opposition to the motion (*see Young v Ai Guo Chen*, 294 AD2d 430, 431 [2002]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:18). Consequently, the Supreme Court should have denied the motion. Spolzino, J.P., Krausman, Skelos and Dickerson, JJ., concur.