■ CYNTHIA CROSTHWAITE, as Administrator of Estate of GLADYS P. WILLIAMS, Deceased, Appellant, v ACADIA REALTY TRUST et al., Respondents. [879 NYS2d 554]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an or-

der of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated January 15, 2008, as granted that branch of the motion of the defendants Acadia Realty Trust, Port Bay Associates, also sued herein incorrectly as Port Bay Associates, LLC, and Soundview Shopping Center, also sued herein incorrectly as Soundview Management, LLC, and that branch of the cross motion of the defendant Maura Bros. & Co., Inc., which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff's decedent Gladys P. Williams allegedly was injured when she slipped and fell on "black" ice in the parking lot of a shopping mall owned by the defendant Port Bay Associates, also sued herein incorrectly as Port Bay Associates, LLC, on land owned by the defendant Soundview Shopping Center, also sued herein incorrectly as Soundview Management, LLC, and managed by the defendant Acadia Realty Trust (hereinafter collectively the defendants). The defendant Maura Bros. & Co., Inc. (hereinafter Maura), was a snow-removal contractor that had plowed, salted, and sanded the parking lot the day before the accident, and salted and sanded it the day of the accident.

A property owner or a party in possession or control will be held liable for a slip-and-fall involving snow and ice on its property only when it created the alleged dangerous condition or had actual or constructive notice of it (*see Nielsen v Metro-North Commuter R.R. Co.,* 30 AD3d 497 [2006]; *Zabbia v Westwood, LLC,* 18 AD3d 542, 544 [2005]; *Voss v D&C Parking,* 299 AD2d 346 [2002]). In opposition to the defendants' prima facie showing of their entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them, the plaintiff failed to establish that they created the complained-of condition or had actual or constructive notice thereof (*see Nielsen v Metro-North Commuter R.R. Co.,* 30 AD3d at 497; *Zabbia v Westwood, LLC,* 18 AD3d at 544-545).

Moreover, generally, a snow-removal contractor's contractual obligation for snow removal, standing alone, will not give rise to tort liability to an injured plaintiff unless: (1) in failing to exercise reasonable care in the performance of its duties, it launched a force or instrument of harm, (2) the plaintiff detrimentally relied on the continued performance of the snow-removal contractor's duties, or (3) the snow-removal contractor has entirely displaced the property owner's duty to maintain the premises safely (*see Abbattista v King's Grant Master Assn., Inc.,* 39 AD3d 439, 440 [2007]).

The plaintiff's sole theory of liability against Maura was that it allegedly created the "black" ice by piling snow adjacent to the parking lot and allowing it to melt and refreeze. At her deposition, the plaintiff's decedent testified that approximately 15 minutes before the accident she saw no ice in the area where the accident occurred, and that after the accident she neither saw nor felt ice in that location. In opposition to that branch of Maura's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it, however, the plaintiff tendered no admissible proof, expert or otherwise, as to exactly how or when the alleged icy condition may have formed during the approximately 15-minute period between the plaintiff's decedent's arrival at the mall and the accident. Thus, the plaintiff's claim that Maura caused or created the alleged icy condition through incomplete snow removal was based on speculation, which was insufficient to defeat a motion for summary judgment (*id.; see Zabbia v Westwood, LLC,* 18 AD3d at 544).

The parties' remaining contentions either are without merit or have been rendered academic in light of our determination. Mastro, J.P., Dillon, Covello and Dickerson, JJ., concur.