■ JEANETTE CANTWELL, Appellant, v FOX HILL COMMUNITY ASSOCIATION, INC., c/o ELITE PROPERTY SERVICES, INC., Respondent. (And a Third-Party Action.) [930 NYS2d 459]—

A real property owner or a party in possession or control of real property will be held liable for injuries sustained in a slip-and-fall accident involving snow and ice on its property only when it created the alleged dangerous condition or had actual or constructive notice of it (see Crosthwaite v Acadia Realty Trust, 62 AD3d 823 [2009]; Abbattista v King's Grant Master Assn., Inc., 39 AD3d 439 [2007]; Nielsen v Metro-North Commuter R.R. Co., 30 AD3d 497 [2006]; Zabbia v Westwood, LLC, 18 AD3d 542 [2005]).

The defendant established its entitlement to judgment as a matter of law by submitting evidence sufficient to demonstrate that it did not create or have actual or constructive notice of the "black ice" that allegedly caused the plaintiff to fall (see Robinson v Trade Link Am., 39 AD3d 616 [2007]; Murphy v 136 N. Blvd. Assoc., 304 AD2d 540 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact (see Connelly v Shop Rite Supermarkets, Inc., 38 AD3d 588 [2007]; Anderson v Central Val. Realty Co., 300 AD2d 422 [2002]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.

The plaintiff's remaining contentions either have been rendered academic or are without merit. Dillon, J.P., Angiolillo, Dickerson and Cohen, JJ., concur.