■ In an action to recover damages for personal injuries, etc, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated January 19, 2011, as granted that branch of the motion of the defendant Lawrence Construction Company, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and that branch of the cross motion of the defendant CPG Partners, L.P, which was for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and that branch of the motion of the defendant Lawrence Construction Company, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it and that branch of the cross motion of the defendant CPG Partners, L.P, which was for summary judgment dismissing the complaint insofar as asserted against it are denied.
On February 16, 2006, Carol Frank, an employee of a store at the Woodbury Common Premium Outlets, parked her car in a customer parking area and, intending to enter her place of employment through a rear entrance, walked through a gate between two buildings. As Frank stepped from the curb, she allegedly slipped and fell on snow and ice in the roadway and was injured. Frank, and her husband suing derivatively, commenced this action against the owner of the premises, CPG Partners, L.P (hereinafter CPG Partners), and the snow removal contractor, Lawrence Construction Company, Inc. (hereinafter Lawrence). After discovery was completed, Lawrence moved and CPG cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court awarded summary judgment to each defendant, *901 and the plaintiffs appeal. We reverse the order insofar as appealed from.
In support of its cross motion, CPG Partners submitted evidence that itself demonstrated the existence of triable issues of fact as to whether the snow removal efforts, which CPG Partners directed and Lawrence performed, created the alleged dangerous condition that caused Frank’s injuries (see Braun v Weissman, 68 AD3d 797, 797-798 [2009]; Ricca v Ahmad, 40 AD3d 728, 729 [2007]; Olivieri v GM Realty Co., LLC, 37 AD3d 569, 570 [2007]). Consequently, that branch of CPG Partners’ cross motion which was for summary judgment dismissing the complaint insofar as asserted against it should have been denied without regard to the sufficiency of the plaintiffs’ papers submitted in opposition (see Hutchinson v Medical Data Resources, Inc., 54 AD3d 362, 363 [2008]). Further, that branch of Lawrence’s motion which was for summary judgment dismissing the complaint insofar as asserted against it should have been denied because, in opposition to Lawrence’s prima facie showing (cf. Foster v Herbert Slepoy Corp., 76 AD3d 210, 214 [2010]), the plaintiffs demonstrated the existence of a triable issue of fact as to whether Lawrence, by its snow removal efforts, created the alleged dangerous condition that caused Frank’s injuries (see Braun v Weissman, 68 AD3d at 797-798; Ricca v Ahmad, 40 AD3d at 729; Olivieri v GM Realty Co., LLC, 37 AD3d at 570).
The defendants’ remaining contentions either are without merit, need not be reached in light of our determination, or are not properly before us (see CPLR 5515). Skelos, J.P., Balkin, Leventhal and Austin, JJ., concur.