Harvey Kupferberg, Appellant,
against
Barbara Hibbard-President of Board of Managers Crystal Hill Club Condominium, Respondent.




Harvey Kupferberg, appellant pro se.
Fenster & Kurland, LLP (Adam K. Kurland, Esq.), for respondent.

Appeal from a judgment of the Justice Court of the Town of Haverstraw, Rockland County (Peter Branti, Jr., J.), entered October 19, 2015. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover the sum of $3,000 for, among other things, property damage caused to his vehicle and his garage when his vehicle skidded on ice on the driveway of his condominium and crashed into his garage door. Plaintiff alleged that the condominium's board of managers (the board) had failed to maintain the driveway in a safe condition. After a nonjury trial, the Justice Court dismissed the action, finding that plaintiff had failed to prove his case.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UJCA 1807; see UJCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their [*2]credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
To establish his case of negligent maintenance on the part of the board, it was incumbent upon plaintiff to come forward with evidence showing that the board had either created the allegedly dangerous condition or that it possessed actual or constructive notice of the condition (see Rudloff v Woodland Pond Condominium Assn., 109 AD3d 810 [2013]). To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit a defendant to discover and remedy it (see Goodwin v Knolls at Stony Brook Homeowners Assn., 251 AD2d 451 [1998]). Here, plaintiff presented no evidence that the board either created the icy condition on the driveway or had actual or constructive notice of the condition with sufficient time to remedy the dangerous condition (see Simmons v Metropolitan Life Ins. Co., 84 NY2d 972 [1994]; Gordon v American Museum of Natural History, 67 NY2d 836 [1986]; Goodwin v Knolls at Stony Brook Homeowners Assn., 251 AD2d 451; Bertman v Board of Mgrs. of Omni Ct. Condominium I, 233 AD2d 283 [1996]). Although plaintiff testified that he had seen ice on the driveway, he admitted that he had never informed anyone of the icy condition, and there was no evidence that the ice had existed for a sufficiently long period of time to have provided constructive notice and a reasonable amount of time to remedy the condition (see Bertman v Board of Mgrs. of Omni Ct. Condominium I, 233 AD2d 283). Consequently, plaintiff failed to establish a prima facie case.
As the judgment in this case provided the parties with substantial justice (see UJCA 1804, 1807]), the judgment is affirmed.
Iannacci, J.P., Tolbert and Brands, JJ., concur.
Decision Date: May 23, 2017